[No. 28891. Department One. March 22, 1943.]

ELINOR MARCH YOUNT *et al., Respondents,* v. IVER H. ZARBELL *et al., Appellants.*[1]

*George E. Clarke* and *Max R. Nicolai,* for appellants.

*Copass, Hall & Smith,* for respondents.

MILLARD, J.—This action was brought by a marital community against a marital community to recover

[1]Reported in 135 P. (2d) 309.

attorney's fees alleged to be due to plaintiff wife under an oral contract of employment with defendant husband. Defendants denied indebtedness to plaintiffs, and, by way of cross-complaint, pleaded certain offsets. The cause was tried to the court, which found in favor of plaintiffs on their complaint and in favor of defendants as to one of the three offsets pleaded in their cross-complaint. From judgment entered in harmony with the findings, defendants appealed.

In addition to the contention that the evidence preponderates against the findings, counsel for appellants argue that, in view of the professional misconduct of respondent wife, in instituting actions and taking judgments for amount in excess of that due from the debtor, and the lending of her name to be used as attorney by appellant husband, who is not an attorney authorized to practice law in this state, respondents are not entitled to recovery in this action. Throughout this opinion, to obviate confusion, Mrs. Yount will be entitled respondent and Mr. Zarbell will be designated appellant.

Respondent, who is a member of the bar of this state, was employed May 18, 1940, by a copartnership consisting of appellant and John Koenig, as receptionist, bookkeeper, and office girl. Her additional role was that of attorney to institute and prosecute to judgment actions in connection with the collection agency and discount business in which the copartnership was engaged. She was given free office space, stationery, and telephone service, and was permitted to engage privately in the practice of law. December 15, 1940, respondent was given notice of termination of her employment. Noon, the last day of December, 1940, respondent demanded from appellant alleged compensation due to her, and contemporaneously with that

demand served appellant with summons and complaint in this action and garnisheed both of his bank accounts.

■ The controversy in the case at bar relates to the compensation to be paid to respondent for her services under the terms of the oral contract of employment. She testified that she was to receive a minimum or base salary of eighty dollars monthly and five dollars and ten dollars, respectively, for *judgments obtained* (in excess of the eighty dollars in any given month) in actions instituted by her in the justice and superior courts. Her version of the salary arrangement is corroborated by the testimony of John Koenig, who was appellant's partner from March 18, 1940, until July 31, 1940, when the copartnership was dissolved. Appellant testified that respondent was employed at a flat salary of eighty dollars monthly, and that, beginning August 1, 1940 (Koenig was no longer a partner), it was agreed that respondent was to receive five dollars and ten dollars, respectively, for each *judgment collected* (instead of *obtained* or *entered*) in all actions instituted by her in justice and superior courts.

The written record kept by respondent, which is in harmony with appellant's written record, sustains appellant's position that respondent was entitled to attorney's fees only if the firm of Zarbell & Koenig from May 18, 1940, to July 31, 1940, and Zarbell, individually, from August 1, 1940, to December 30, 1940, actually *collected* any given account in which respondent obtained a judgment. Those written records disclose that, whenever respondent commenced an action for her employers, her attorney fee account was credited with five dollars if the action was brought in the justice court or ten dollars if the action was commenced in the superior court. Against those credit items will be found debits, when respondent was paid her fees upon collection of the account or when she

compromised her fee or charged it off entirely when the account could not be collected. The salary checks received by respondent establish the fact that, until the end of July, 1940, she was employed on a straight salary basis of eighty dollars monthly. The testimony of respondent, cumulating the written records, disproves the claim that, under the oral contract of employment, respondent was to receive, in addition to the base salary of eighty dollars monthly, five dollars and ten dollars, respectively, for each judgment obtained or entered in justice court and superior court. It is clear that, under the contract, she was to receive the amounts stated for each judgment collected, and it is equally clear that she has received that compensation.

The testimony of Koenig, a former partner of appellant, respecting the contract from March 18, 1940, to July 31, 1940, to the effect that respondent consented to certain debits against her credits for the reason that the discount business was just getting under way, is not consistent with the testimony of this same witness that financially the affairs of the firm were prospering during the period in question. The record reflects the hostility of this witness toward appellant.

Error is assigned on denial of two offsets as follows: December 3, 1940, a man who owed six dollars on an account assigned to appellant went to appellant's office to arrange for payment. Respondent prepared a note for the debt of six dollars, which was signed by the debtor. December 4, 1940, appellant drafted several suits and garnishments upon prepared forms and gave them to respondent for signature. Inadvertently included therein was an action against the debtor who had given the note to appellant for six dollars. Respondent did not connect the

name of the debtor with the name of the party against whom she instituted a garnishment action, as a result of which the debtor lost his employment and, in a subsequent action against appellant, recovered damages in the amount of one hundred fifty dollars, which appellant pleaded in this action as an offset.

A second offset claimed by appellant is in the amount of $38.90, which appellant was required to pay as costs and attorney's fees to a defendant debtor who obtained vacation of a judgment fraudulently taken against him in an action prosecuted by respondent for appellant against that debtor. The facts are that respondent took judgment in justice court for appellant against that debtor for the full amount of the original debt, although respondent and appellant both knew that the debtor, prior to the commencement of the action, had made part payment on the account. Excusatory of this is the testimony of respondent that she followed the usual practice of collection agencies in Seattle with full knowledge and under the direction of appellant.

Appellant is not licensed to practice law. He prepared the legal forms and presented them to respondent, who is a member of the bar of this state, for signature, and respondent conducted the litigation. In other words, appellant was practicing law, and respondent was lending her name to be used as attorney by appellant, who is not an attorney. Her rubberstamping of complaints and writs of garnishment prepared by appellant contravened § 5, Rule XI of Rules for Discipline of Attorneys (193 Wash. 92-a), which forbids the lending by an attorney of his or her name for use as attorney by another person who is not authorized to practice law in this state.

We agree with counsel for appellant that respondent is not, in any event, entitled to recovery by

reason of professional misconduct, in instituting actions and taking judgments for amounts in excess of the amount due from the debtor, and in practicing law with a person not a licensed attorney. Appellant Zarbell is *particeps criminis;* hence, he may not recover the amounts claimed as offsets.

There is no merit in the contention that attorney's fees of twenty-five dollars and thirty-five dollars, respectively, to counsel for garnishee defendant Seattle-First National Bank, and counsel for garnishee defendant Peoples National Bank, for answering writs of garnishment, are excessive.

The clerk of this court is hereby directed to transmit a copy of this opinion to the Washington state bar association for the attention of the board of governors and for investigation by the committee on unauthorized practice of law. If it is the practice of collection agencies to practice law and to take judgment in full in actions on accounts when part payment thereon had previously been made, the bar association should promptly act to the end that such practices may be discontinued.

The judgment is reversed and the cause remanded, with instructions to dismiss the action. Neither party is entitled to costs in this court.

SIMPSON, C. J., STEINERT, JEFFERS, and MALLERY, JJ., concur.