[No. 31597. Department One. March 22, 1951.]

GEO. OLSON, *Respondent*, v. ANNIE B. MULDER, *Appellant.*[1]

F. M. *Reischling* and *Arthur A. Giblin*, for appellant.

*George F. Ward*, for respondent.

[1]Reported in 229 P. (2d) 323.

BEALS, J.—The plaintiff in this action, George Olson, is a member of the bar of this state and for many years has practiced his profession in the city of Seattle. By his amended complaint herein (which we shall refer to as the "complaint"), plaintiff alleged that the defendant Annie B. Mulder, being the owner of a tract of land in Island county, Washington, described as follows:

"Lot Three (3), Less Twenty (20) feet, for County road Section 25, Township 32 North, Range 1 West of W.M. containing approximately 37.53 acres, together with the lake called 'Pondilla' located thereon,"

by a contract in writing, dated June 14, 1945 (exhibit No. 5, *infra*), retained plaintiff and L. H. Wheeler, Esquire, to represent her in an action to be instituted by plaintiff before the superior court for Island county, for the purpose of quieting her title to the land above described, against all claims on the part of M. L. Lewis, Jr., J. Walter Suess, and Gertrude A. Suess, his wife, under a lease from Mrs. Mulder to Mr. Lewis.

Plaintiff further alleged in his complaint that the action referred to in the agreement had been instituted and prosecuted to judgment, resulting in the entry of a decree setting aside (as to defendants Suess) a certain option to purchase contained in the lease, whereby defendants Suess were alleged to claim the right to purchase the real estate for the sum of one thousand dollars, which sum was approximately one-fifth of its actual value, and that the plaintiff in the action thereafter obtained a quitclaim deed from M. L. Lewis, Jr. (the original lessee).

Plaintiff further alleged that, thereafter, to wit: in October, 1948, pursuant to the contract between the parties, plaintiff instituted another action in which Mrs. Mulder was plaintiff and Mr. and Mrs. Suess were defendants, praying that plaintiff's title to the real estate referred to, be quieted as against the defendants and that, thereafter, plaintiff obtained a quitclaim deed from Mr. and Mrs. Suess (paying them fifty dollars therefor). Plaintiff's complaint continues:

" . . . so that through the efforts of plaintiff said contract of employment has been fully performed and that plaintiff is now entitled to fifty percent of the value of said property, which said property is now worth the sum of $5,000.00. In other words that plaintiff is entitled to judgment against defendant in the sum of $2,500.00 under said contract."

Paragraph IX of the complaint reads as follows:

"That the costs mentioned in said contract have been fully paid on the account of the recovery of said rents in said Cause No. 2590 and that the balance of said rentals so recovered were divided fifty percent to plaintiff and fifty percent to defendant."

The complaint also alleged that plaintiff had paid to his associate counsel, Mr. Wheeler, all moneys due him for legal services in connection with the Island county trial above referred to and that plaintiff was the sole owner of the contract of employment by plaintiff above referred to. (It does not appear that Mr. Wheeler ever presented any claim against Mrs. Mulder for professional services.)

Plaintiff, having alleged that the property was worth five thousand dollars, demanded judgment against defendant Mulder for the sum of twenty-five hundred dollars, together with costs; that it be decreed that Mr. Wheeler had no interest in the contract; and that the judgment be declared to be a lien upon the property above described.

Defendant Mulder filed her answer to the complaint; admitting that she had signed an agreement to pay counsel fees, but denying that she signed the agreement pleaded by plaintiff, averring that if she did sign it, she did so believing that the document was one of the pleadings in the case. She denied the other material allegations of the complaint and, by way of an affirmative defense, alleged that she had employed the plaintiff as her attorney "to act for her in an attempt to quiet title" to the land above described (the property being then subject to the lease referred to in plaintiff's complaint), agreeing to pay plaintiff, if she was successful in the action, fifty per cent of the damages collected;

that by the decree entered in the action, the lease was held valid, the decree declaring, however,

"  .  .  . that the persons in possession under a so-called sublease could not exercise the option or options contained in said lease,"

the property, however, being declared subject to the lease. The defendant further alleged that plaintiff had been fully compensated by retaining one half of the amount of rentals collected.

Defendant's answer concludes with the following paragraph:

"IV

"That approximately three years later, the persons in possession were committing waste on said described real property by destroying certain improvements thereon, and defendant again went to the said Geo. Olson, plaintiff herein, and consulted with him relative to another action to dispossess said persons in possession and cancel their rights, under a certain sub-lease, on the ground that they were committing waste. The said Geo. Olson then agreed to take the matter up and see if such results could not be obtained and affiant or defendant believes that he did file another action against said persons in possession, which resulted in their giving a Quit Claim Deed to whatever rights they possessed under their sub-lease and their quitting said premises, all without another trial, as they were in the process of quitting said premises at the time. That this second employment of the said Geo. Olson, was a separate and independent action as distinguished from the first action No. 2590, and a separate employment and had naught to do with his first employment, which as aforesaid was fully settled,"

and prayed for dismissal of the action.

By his reply, plaintiff denied the affirmative allegations of the answer.

At the close of respondent's testimony, his counsel moved to amend the complaint by adding an alternative cause of action asking for judgment in the sum of twenty-five hundred dollars, based upon the principle of *quantum meruit*. The trial court allowed the amendment, granting a short continuance at appellant's request.

Evidently, the additional cause of action was considered denied by appellant.

The action was tried to the court, resulting in the entry of findings of fact and conclusions of law in plaintiff's favor (based upon respondent's additional cause of action upon a *quantum meruit*), the court finding that the reasonable value of all legal services rendered by plaintiff to defendant was twelve hundred dollars. After deducting the amount received by plaintiff and adding fifty dollars which plaintiff paid Suess for the quitclaim deed, the trial court entered judgment in plaintiff's favor for the sum of $1,-097.19, together with interest from March 26, 1949, and for plaintiff's costs.

Defendant's motion for a new trial having been denied, the defendant has appealed.

It appears that appellant is the owner of a thirty-seven acre tract of unimproved land on Whidbey Island, Island county which, prior to the late war, was rather inaccessible; that appellant, being a friend of M. L. Lewis, Jr., by an instrument in writing, dated April 21, 1936, leased the land (which in part fronts on salt water, and contains a lake of fresh water) to Mr. Lewis, the lease granting the lessee an option to purchase the land for one thousand dollars. The lease was for a term of fifteen years and recited that the lessee expected to operate "a certain commercial enterprise upon said premises, which may take several years to develop into a profitable venture." The lessee agreed to pay "all taxes and fire guard charges" assessed against the land during the term of the lease, and to pay to the lessor annually "one-third of all net profits accruing from the conduct of said enterprise" referred to in the lease.

It appears that May 19, 1939, Mr. Lewis sublet the land to J. Walter Suess and that, thereafter, because of the opening of a road during the war, making the property more accessible, the land had considerably increased in value.

Respondent testified that in the spring of 1945, appellant consulted him, telling him of her ownership of the land, the execution of the lease, and that Mr. Suess was then in pos-

session, stating that because of the increase in value of the land she feared Mr. Suess would try to exercise the option referred to in the lease and purchase the land for one thousand dollars.

Appellant testified that she told respondent she desired to break the lease and that she had been advised that the option to purchase contained therein could not be exercised. She also testified that respondent told her she could collect a considerable sum by way of rent and that he would agree to handle the case for fifty per cent of any money recovered. (At this time, appellant was in the employ of Mr. Lewis.)

Respondent testified that there was a tentative agreement between himself and appellant that he would receive fifty per cent of the value of any property recovered and that he would advance necessary costs. Respondent then offered in evidence his exhibit No. 5 (being a written agreement entitled in the first action, dated June 14, 1945, signed by appellant and by respondent and the latter's associate counsel, Mr. L. H. Wheeler), the agreement stating that Mrs. Mulder claimed to be the owner of the property above described, the agreement continuing:

"WHEREAS, the defendants claim certain rights and interest in and to said property by reason of a lease and otherwise, with an option to buy said property for $1000.00, and the same is dated the 27th of April, 1936, and

"WHEREAS, plaintiff claims said property is now worth not less than $5000.00 and has retained the undersigned counsel George Olson and L. H. Wheeler to prosecute the above entitled action for the purpose in mind to remove all rights claimed by said defendants in and to the above property by reason of said lease and agreement and otherwise.

"IN CONSIDERATION of the services rendered and to be rendered by said attorneys, plaintiff hereby agrees to pay to said attorneys, after all costs of the litigation have been deducted, the sum of 50% of the value of the property in question. In other words, if the clouds of the defendants are removed by judgment, compromise, settlement or otherwise, then the attorneys shall be entitled to said percentage, and plaintiff advances the sum of $................................................ towards proceedings."

Appellant denied that she had ever seen this document until respondent showed it to her in February, 1949, but admitted that the signature thereto affixed resembled her own signature. Appellant testified that there was an agreement providing that respondent should receive fifty per cent of any rent which should be recovered from the lessees, but stated that she had lost her copy of this agreement. A witness, called by appellant, testified that appellant had shown him an agreement between respondent and appellant, and that the agreement which he saw was not a copy of the agreement introduced in evidence by respondent as exhibit No. 5.

Respondent denied that any such agreement as that referred to by appellant had ever been executed. In any event, respondent, as appellant's attorney, filed a lengthy complaint (verified by appellant), naming Mr. Lewis and Mr. and Mrs. Suess as defendants, before the superior court of Island county, alleging that the lease was without consideration and was procured by the lessee by false and fraudulent representations which were made to deceive appellant; that May 19, 1939, Mr. Lewis had assigned the lease to J. Walter Suess and wife, who assumed all the obligations thereof. The complaint further alleged that the defendants in the action had failed to pay the taxes levied against the land, had failed to make any improvements on the property, and had committed waste thereon, all to appellant's damage in the sum of five thousand dollars. By the prayer, appellant asked for a cancellation of the lease, that her title to the land be quieted as against the defendants, and that plaintiff have judgment against the defendants for the sum of five thousand dollars, also praying for general relief.

Upon the trial of the action, the defendant Lewis testified as a witness on appellant's behalf. The trial resulted in the entry of a decree, signed November 17, 1945, declaring the lease valid, that a subleasing of the property by Lewis to Suess was valid, and that the lease was still in full force and effect. The court, however, adjudged that the lease had not been assigned by Lewis to Suess, and dismissed a cross-com-

plaint filed by Suess praying that his right to exercise the option to purchase the property, contained in the original lease, be established. The decree determined that defendants Suess, as sublessees, had no right to exercise the option to purchase. The decree rendered finally determined the questions presented to the court.

Under date, December 6, 1945, respondent wrote appellant as follows:

"Dear Mrs. Mulder:
"Enclosed please find check and statement in the case against Lewis and others.
"What is the matter with Lewis? If he would sign the Quit Claim Deed that would clear up everything.
"Yours truly,
"GEO. OLSON"

By the statement enclosed with the letter, respondent showed expenses in connection with the action in the sum of $118.30, leaving a total of $305.63, followed by "Attorney's fee, 50% of net, $152.81" and "Due client" the same amount, evidently represented by the check referred to in the letter.

In the case at bar, the trial court found that the parties to this action agreed that no appeal would be prosecuted from the judgment "but that the employment of Geo. Olson as attorney would be continued for the purpose of eliminating any further interest" which Mr. Suess might claim in the property "by virtue of said lease." The trial court also found that

". . . subsequent to the trial of the first action . . . the terms of said written contract were modified in that the plaintiff was to continue his services as attorney for Annie B. Mulder and clear her title to said real property. That at the time said contract was modified no set fee was agreed upon by the plaintiff and defendant as to his compensation for services."

The trial court then proceeded to fix respondent's compensation upon the basis of *quantum meruit* for all legal services which respondent had rendered to appellant.

Respondent testified that, after the entry of the decree in the Island county action above referred to, he informed

appellant that the lessee Lewis was in default, that Suess could not exercise any option to purchase the property, and that he thought that Suess would release any right which he might have to the possession of the property for a small sum.

The record before us does not clearly indicate appellant's reactions at this time, nor for a considerable period thereafter.

During the next three and one-half years, respondent wrote several letters to appellant, requesting her to call at his office to adjust their account and indicating that he was taking certain steps on her behalf. Copies of several of these letters were offered by respondent and received in evidence. Respondent testified that appellant did not wish to sell the property as she anticipated that its value would increase. He also testified that appellant did not write him, but occasionally telephoned him. She did, however, finally call at his office, and, in October, 1948, appellant verified a complaint prepared by respondent, naming only Mr. and Mrs. Suess as defendants, praying for a decree quieting her title to the property as against the defendants and all persons claiming by, through, or under them. During the month of November, 1948, respondent paid Mr. and Mrs. Suess fifty dollars for a deed quitclaiming their interest in the property to appellant. Apparently this deed was produced at the trial but was not received in evidence as an exhibit.

Appellant testified that she did not authorize the payment of fifty dollars to defendants Suess for the deed, and that the action which respondent instituted on her behalf against them was for the purpose of recovering damages for injury to her property, and that his fee for bringing the action would be one hundred fifty dollars. She denied that the action was brought for the purpose of quieting her title to the property.

A certified copy of the complaint in the action was introduced in evidence, showing that appellant had verified the complaint which clearly disclosed that the action was

brought for the purpose of quieting appellant's title and not for the recovery of damages.

During the month of January, 1948, Mr. Lewis delivered to appellant a quitclaim deed conveying to her all his interest in the land. Apparently appellant herself procured this deed from Mr. Lewis.

By these two deeds, all rights under the lease from appellant to Mr. Lewis and his sublease to Mr. Suess were finally terminated.

The evidence contained in the statement of facts is extremely confused. Upon the record, the court properly awarded respondent judgment upon the basis of *quantum meruit*.

Evidently appellant was not familiar with legal procedure. She apparently desired that the title to her property be cleared from all claims under the lease which she had executed in favor of Mr. Lewis. Her memory concerning what happened in connection with the litigation and relevant matters was evidently poor and her testimony was confused. It seems that respondent also was sometimes mistaken in his testimony concerning relevant matters.

The record does not disclose that respondent ever rendered a bill for professional services or informed appellant concerning his claim for compensation for such services in any definite amount.

The trial court did not err in permitting respondent to amend his complaint by adding an alternative cause of action based upon the principle of *quantum meruit*. *Staples v. Esary*, 130 Wash. 521, 228 Pac. 514; *Jeffs v. Stephenson*, 9 Wn. (2d) 335, 114 P. (2d) 987.

The findings of fact entered by the trial court (with the exception hereinafter noted) are supported by the evidence.

In the action before the superior court for Island county, a decree was entered declaring that Suess, as sublessee, had no right to exercise the option granted the lessee Lewis to purchase the property for one thousand dollars. This clearly determined an important question in appellant's favor.

The record shows that appellant was anxious to terminate all rights claimed by Suess under the lease, and authorized respondent to institute the second action. Thereafter, for a payment of fifty dollars, Suess quitclaimed the property to appellant. Just how valuable to appellant the termination of the lease at that time was, we do not know, but, in any event, she desired that the property be freed from the existing lease. Certainly, as long as the lease existed, appellant could not enjoy possession of the land.

Finally, appellant assigns error upon the amount of the judgment awarded to respondent by the trial court. We are convinced that this assignment of error is well taken. The trial court fixed respondent's compensation upon the basis of *quantum meruit* for services rendered at twelve hundred dollars, and properly awarded him judgment for the fifty dollars which respondent had paid Suess for the quitclaim deed.

Three members of the bar, called as witnesses by respondent, gave their opinions as to the reasonable value of the legal services in answer to questions propounded by respondent's counsel. We do not find this testimony particularly applicable to the facts of this case. The witnesses generally testified that a reasonable fee would be half of the value of property, the title to which was in question.

As Lewis merely sublet the land to Suess, it would seem clear, as the superior court for Island county held, that, the sublessee could not exercise the option granted to the original lessee to purchase the property. The right of the lessee Lewis to exercise that option was never disputed, but appellant was always convinced that Lewis would never exercise the option, and, the fact that Lewis quitclaimed the property to appellant shows that her judgment was correct. By the deed which respondent procured from the defendant Suess, respondent received possession of her property approximately three years prior to the termination of the term of the lease.

■ Upon the record, we hold that compensation to be allowed respondent for legal services rendered to appellant

should not have exceeded the sum of six hundred dollars, and the judgment appealed from will be modified and the amount of the award reduced to that amount. Fifty dollars will be added thereto, covering the payment made by respondent to Mr. Suess.

Respondent has already received return of the $118.30 which he advanced in connection with the first action, and has received $152.81 on account of services. This latter amount will be deducted from the foregoing amount of $650, and judgment will be entered in respondent's favor for the difference.

Appellant will recover her costs upon this appeal.

SCHWELLENBACH, C. J., HILL, GRADY, and DONWORTH, JJ., concur.