[No. 39054.    Department One.    December 7, 1967.]

E. F. DAILEY, *Respondent,* v. GERALDINE JACQUELINE TESTONE, *Appellant.*\*

*Royal & Coates,* for appellant.

*J. Edmund Quigley* and *E. F. Dailey,* for respondent.

OTT, J.†—At the close of a divorce action, King County

\*Reported in 435 P.2d 24.

---

†Judge Ott is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

Superior Court Judge Walter T. McGovern orally announced as part of his decision that "each side pay his own attorney's fees." April 12, 1965, when the findings of fact and conclusions of law (approved by both attorneys), were presented for signature, Judge McGovern asked counsel whether these were in accordance with his oral decision. When he was advised that they were (except for one item not here material), Judge McGovern signed them as presented. Thereafter, attorney E. F. Dailey, who had represented the defendant wife, filed a notice of claim of lien for attorney's fees encumbering her real estate. He also caused his client's bank account to be likewise encumbered.

Mrs. Testone's present counsel called to the attention of Judge McGovern that the findings of fact and conclusions of law he had signed were not in accordance with his oral decision. They were not drawn to provide that each party was to pay his own attorney's fees; instead they had fixed the sum of $1,750 for each attorney and granted a lien upon specific property of the respective clients for these fees allowed. Judge McGovern, on his own motion, caused amended findings of fact and conclusions of law and decree to be prepared and entered, deleting the sections which fixed the attorneys' fees and the liens for the reason that "said facts were not called to the attention of the Court, . . ." when they were originally presented for his signature, and were not in accordance with his oral opinion.

June 3, 1965, attorney Dailey commenced this action against his former client, Geraldine Jacqueline Testone, alleging that the reasonable value of his services in the divorce action was $1,750 and that it was necessary for him to appear three or four times subsequently and that the reasonable value of such extra service was $500. Simultaneously with the filing of his complaint, attorney Dailey caused a writ of attachment to issue and levied upon Mrs. Testone's Chevrolet camper.

Defendant Mrs. Testone appeared, denied the allegations of the complaint and interposed an affirmative defense and a counterclaim contending that (1) the attachment was

wrongful, and (2) the services performed were tainted by fraud and improper conduct to her damage in the sum of $45,000.

January 27, 1966, judgment was entered.

Defendant thereafter petitioned the court for a writ of mandamus to compel the trial judge to make findings of fact relative to her counterclaim. March 1, 1966, amended findings of fact were entered. April 15, 1966, judgment was entered awarding plaintiff $1,750 for attorney's fees less $100 previously advanced and less $100 awarded defendant on her counter-claim. From the judgment in favor of plaintiff the defendant appeals.

■ The sole issue to be determined in this claim is the value of the legal services as they were performed by Mr. Dailey. Canon of Professional Ethics 14 provides that "[c]ontroversies with clients concerning compensation are to be avoided . . ." and "lawsuits with clients should be resorted to only to prevent injustice, imposition or fraud." Among the factors to be considered in determining the reasonable value of attorney's fees are the time expended, the difficulty of the questions involved, the skill required, customary charges of other attorneys, the amount involved, the benefit resulting to the client, the contingency or certainty in collecting the fee and the character of the employment. Canon of Professional Ethics 12. The burden is on the plaintiff attorney to prove by a preponderance of the evidence both the services rendered and the reasonable value thereof. *Kimball v. PUD No. 1*, 64 Wn.2d 252, 257, 391 P.2d 205 (1964). An action to recover the reasonable value of the services is predicated upon quantum meruit. *Kimball v. PUD No. 1, supra*, at 257. Quantum meruit literally means "as much as he deserved." *Losli v. Foster*, 37 Wn.2d 220, 233, 222 P.2d 824 (1950). When an attorney is guilty of fraudulent acts or gross misconduct in violation of a statute or against public policy, the client may have a complete defense to the attorney's action for fees. See 7 Am. Jur. 2d *Attorneys at Law* § 219 at 174; *Yount v. Zarbell*, 17 Wn.2d 278, 135 P.2d 309 (1943); *Callahan v. Jones*, 200 Wash. 241,

93 P.2d 326, 123 A.L.R. 1178 (1939); *Delbridge v. Beach,* 66 Wash. 416, 119 Pac. 856 (1912). Compare *Beck v. Boucher,* 114 Wash. 574, 195 Pac. 996 (1921); *Johnson v. Mann,* 72 Wash. 651, 131 Pac. 213 (1913).

▮ The trial court found: "That the establishing of the lien and the fixing of the attorney's fee requested of the court were not done fraudulently or maliciously by the plaintiff but were done improperly."

On cross-examination Mr. Dailey testified:

Q. Now, Mr. Dailey, as a matter of fact, you know the oral opinion of Judge McGovern specifically said neither side would have attorney's fees allowed to them, did he not? A. Neither? Q. That each side pay their own attorney's fees? A. That is what he said. Each side pay his own attorney's fees.

Mr. Dailey's explanation for willful disregard of the court's oral decision was that he felt his former client would place her award of real and personal property in the divorce action beyond the reach of a writ of execution. This improper conduct made it necessary for appellant to obtain the services of another attorney. These wrongful and improper items were thereafter promptly deleted.

Under these circumstances what were Mr. Dailey's services for Mrs. Testone reasonably worth? The record shows that Mr. Dailey had filed an affidavit in the original divorce proceedings in which he asserted $1,000 was a reasonable fee. After the trial he twice offered to accept $1,000 from Mrs. Testone if fully paid in cash. Evidence was offered which tended to establish the reasonable value of an attorney's service which was predicated upon proper performance. It was necessary for the court to determine the value of Mr. Dailey's services as improperly performed. *Cf., In re Rorem's Estate,* 245 Iowa 1125, 66 N.W.2d 292, 47 A.L.R. 1089 (1954). Upon the record we hold the value of the services as performed by respondent to be in the sum of $750. See *Olson v. Mulder,* 38 Wn.2d 319, 329, 229 P.2d 323 (1951). One hundred dollars had previously been paid as a retainer which leaves a balance for attorney's fees in the sum of $650.

We have considered appellant's remaining assignments of error and find them to be without merit. The judgment of the trial court is modified as above indicated, and in all other respects it is affirmed. The appellant having substantially prevailed will recover costs.

FINLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.