[No. 3807–II. Division Two. March 25, 1980.]

RICHARD BLADE, ET AL, *Appellants,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent.*

*Anton J. Miller,* for appellants.

*Slade Gorton, Attorney General,* and *Morris C. Looysen, Assistant,* for respondent.

REED, C.J.—Plaintiffs Richard and Sarah Blade seek review of the lower court's determination of appropriate attorney's fees under RCW 74.08.080. We affirm in part and reverse in part.

RCW 74.08.080 concerns a public assistance applicant's rights of judicial review from an adverse decision at the

administrative hearing level. In relevant part, the statute provides:

> In the event that the superior court, the court of appeals, or the supreme court renders a decision in favor of the appellant, said appellant shall be entitled to reasonable attorney's fees and costs.

The primary issue raised by this appeal concerns whether the statute authorizes attorney's fees for work done prior to a judicial appeal from an adverse administrative decision.

In late April of 1975, the Blades sought financial assistance from the Department of Social and Health Services (DSHS). Their general request for assistance was separated into appropriate categories and eventually each application was denied. Three separate administrative appeals followed, all of which were decided adversely to the Blades. From the separate administrative appeals, the Blades petitioned the Superior Court under a single cause number. Although DSHS sought to separate the actions for Superior Court review, the trial court ruled that all petitions for review would be considered under a single action number. There were numerous petitions under that action number and ultimately the trial court reversed or remanded several of the lower administrative decisions. In one of the reversals, the Blades were awarded $1,175 in attorney's fees for the services of their attorney at the trial court level. The award was limited to a reasonable value for services related to the theory proving successful on appeal. No compensation was awarded for unsuccessful challenges to the administrative decision.

On appeal, the Blades make several attacks on the trial court's construction of RCW 74.08.080. The first concerns an applicant's entitlement to an award for attorney's fees generated at the administrative level. In considering the legislature's apparent intent, the court in *Whitehead v. Department of Social & Health Servs.*, 92 Wn.2d 265, 269–70, 595 P.2d 926 (1979), observed:

In *Tofte v. Department of Social & Health Servs.*, 85 Wn.2d 161, 531 P.2d 808 (1975), we said that the fundamental underpinning of the fee award provision (RCW 74.08.080) is a policy at once punitive and deterrent, which is designed to encourage the agency to render careful and correct decisions at the initial stage, under penalty of having to pay the costs of *correcting* its mistakes when its decisions are overturned on appellate review.

(Italics ours.) Accordingly, because the costs of *correcting* the agency's final decision on appellate review involve only matters at the superior court, Court of Appeals, or Supreme Court levels, no fee should be awarded by the court for work at the administrative level. *Johnston v. Department of Social & Health Servs.*, 25 Wn. App. 108, 605 P.2d 354 (1980).

■ Consistent with the court's holding in *Whitehead*, we also conclude that an applicant is entitled to attorney's fees under RCW 74.08.080 only for the attorney's efforts expended on theories which ultimately prove successful. Contrary to plaintiffs' argument in the instant case, an attorney should not be compensated for the unsuccessful as well as successful theories urged upon the court in challenging an administrative decision. We agree with the lower court's reasoning that the agency should not be deterred in denying an unworthy application.

■ The Blades next assign error to the trial court's consideration of fees awarded against DSHS in other cases where the agency was reversed. Plaintiffs urge that the lack of similarity between their case and the random sampling of other cases should preclude consideration of those other cases. However, as an aid in ascertaining a reasonable fee for an attorney's services, the Code of Professional Responsibility lists several guidelines, including, *inter alia,* novelty of the issue, time limitations, experience of counsel, and fees customarily charged in the location for similar services. (CPR) DR 2–106(B). *Dailey v. Testone,* 72 Wn.2d 662, 435 P.2d 24 (1967); *Kimball v. PUD 1,* 64 Wn.2d 252, 391 P.2d

205 (1964). Because the fee granted in other cases is relevant to plaintiffs' fee award, consideration of those amounts is not error. The amount of those awards is only one factor among many which the trial judge must keep in mind.

■ Finally, plaintiffs assign error to the trial court's failure to award attorney's fees for the trial court's February 25, 1976, order reversing DSHS' decision as to noncontinuing general assistance, and the trial court's failure to award fees for the order of remand dated July 11, 1977. As to both of these assignments of error we agree with plaintiffs. Plaintiffs were not granted an award for attorney's fee after the court's reversal of DSHS on February 25, 1976, and our review of the record does not disclose a reason for this omission. Similarly, the trial court denied attorney's fees for plaintiffs' counsel's efforts in obtaining a remand dated July 11, 1977, apparently because the trial court found DSHS had not acted wrongfully or with callous disregard for the rights of the applicant.[1] We, however, do not read RCW 74.08.080 as requiring a showing of bad faith on the part of the agency as a prerequisite to an award of attorney's fees. All that is required is the court's decision in favor of the applicant. Because we consider an order of remand to be just such a favorable decision, then plaintiffs are entitled to reasonable attorney's fees and costs generated in obtaining that decision.

We find plaintiffs' remaining assignments of error to be without merit.

This matter is remanded to the trial court for a determination of attorney's fees in accordance with this opinion.

---

[1]If, as suggested by the record, however, the remand to the DSHS board of July 11, 1977, was not occasioned by board error, but in order to give the applicant another opportunity to make out a case of "incapacity," that factor may be taken into consideration in fixing fees for obtaining the "favorable" decision.

635

PEARSON, J., and ARMSTRONG, J. Pro Tem., concur.

Reconsideration denied April 2, 1980.

Review denied by Supreme Court June 6, 1980.