**Arnold V. LINDSETH, Jr., Administrator C.T.A. of the Estate of James Carl Webster, Plaintiff/Appellee,**

v.

**A.G. BURKHART, Jr., Defendant/Appellant.**

Court of Appeals of Tennessee, Western Section, at Jackson.

June 23, 1993.

Application for Permission to Appeal Denied by Supreme Court Oct. 4, 1993.

A.G. Burkhart, Jr., pro se.

Arnold V. Lindseth, Jr., Memphis, for plaintiff/appellee.

FARMER, Judge.

■ A.G. Burkhart, Jr. was appointed Administrator C.T.A. of the estate of James

---

Carl Webster by order of the Probate Court of Shelby County on April 5, 1989. The three sole beneficiaries of the estate joined in the petition. Burkhart also served as the attorney. Following Burkhart's conviction in U.S. District Court in November, 1989, as a result of mishandling funds in another matter, Fidelity and Deposit Company of Maryland (Fidelity) petitioned the court in its capacity as surety on the administrator's bond to remove Burkhart as administrator. The petition was ultimately granted.

During the course of Burkhart's administration, he began withdrawing large sums of money from the estate accounts. His explanation was his distrust for banks and problems with personnel in his office. He testified that he had secreted the money by burying and hiding it in hollowed out books. Subsequently he began making deposits into the accounts. The probate court clerk's report of settlement indicated that, after the deposits, there remained in excess of $21,000 still due the estate. Objections to the clerk's report were filed by both Burkhart and Arnold V. Lindseth, Jr., the Successor Administrator C.T.A. However, the clerk's report also stated that the final settlement of Burkhart was incomplete and that he failed to disclose certain withdrawals from the estate and the redeposit of certain funds to replace the unauthorized withdrawals. It was further reported that Burkhart had taken a fee in the amount of $27,087.24 which had not been approved by the court, with Burkhart stating that the fee was by agreement, although there was no evidence or document provided to the clerk to validate this position. The clerk referred the awarding of fees to the discretion of the court.

Following a hearing on April 1, 1992, the probate court entered an order overruling the objections, denying Burkhart a fee because of his actions and conduct, and awarding judgment in favor of the estate against Burkhart and his surety in the sum of $31,-617.95. The court denied the motion of the successor administrator for the payment of his fee from Burkhart and his surety, finding that the fees and expenses should be paid by the beneficiaries out of the funds awarded to the estate.

Burkhart then filed a motion requesting a new trial or rehearing or, in the alternative, to alter or amend judgment. Following a hearing on this motion on July 21, 1992, an order was entered modifying the previous order by giving Burkhart credit for a fee of $9,000 for services rendered in this matter and modifying the judgment rendered against him to the sum of $22,617.95.

Burkhart contends on appeal that the trial court erred in not allowing him his "agreed fee of $27,087.24." The basis for this agreement is a document titled "CLIENT INFORMATION FORMS" executed by Burkhart and one of the beneficiaries of the Webster estate. This document consists primarily of information concerning the address, telephone number, etc. of that beneficiary and inserted is the language "7% for all services but not out of pocket expenses." The validity of this agreement is not an issue before us. In fact, Appellee states in his brief that the beneficiaries so contracted.

In *Crawford v. Logan*, 656 S.W.2d 360 (Tenn.1983), our supreme court said:

It should be remembered that, "[t]he relationship of attorney and client is an extremely delicate and fiduciary one, so far as the duty of the attorney toward the client is concerned. The attorney is an officer of the courts in which he is a practitioner, and courts jealously hold him to the utmost good faith in the discharge of his duty." *Cooper & Keys v. Bell*, 127 Tenn. 142, 150, 153 S.W. 844 (1912). Misconduct in violation of a statute or acts against public policy, or in breach of an attorney's fiduciary duty to his client, may support a complete forfeiture of fees. *Terry v. Bender*, 143 Cal.App.2d 198, 300 P.2d 119 (1956); *Rice v. Perl*, 320 N.W.2d 407 (Minn.1982); *Dailey v. Testone*, 72 Wash.2d 662, 435 P.2d 24 (1967); *Ross v. Scannell*, 97 Wash.2d 598, 647 P.2d 1004 (1982). This rule was recognized by the Tennessee Court of Appeals in *Coleman v. Moody*, 52 Tenn.App. 138, 372 S.W.2d 306, 313 (1963):

There is no question but that, generally, if an attorney is guilty of malfeasance or breach of faith against his client during the purported performance of professional services, he will forfeit, and may not recover, compensation from his

client for such pretended personal services.

In *Rice v. Perl, supra,* 320 N.W.2d at 411, this rule is considered absolute so that "when a breach of faith occurs, the attorney's right to compensation is gone" regardless of whether the client can prove actual injury or intentional fraud. Such a rule is based on the strong policy of insuring absolute fidelity to the client's interests.

At the same time, it has been said that it is contrary to the law to hold that any misconduct of an attorney, whether intentional or not, whether damaging to the client or not, automatically brings about forfeiture of his fees. *Frank v. Bloom,* 634 F.2d 1245, 1247, 1257 (10th Cir.1980). We feel this is the better view. Each case involving misconduct of an attorney and the forfeiture of his fee must be viewed in the light of the particular facts and circumstances of the case.

*Crawford,* 656 S.W.2d at 364–365. The same principle applies to an administrator. *Love v. First Nat'l Bank of Clarksville,* 646 S.W.2d 163 (Tenn.App.1982).

■ There is evidence in the record that Burkhart performed valuable services for the estate prior to his removal, including uncovering a bank account he apparently was aware of from his representation of Mr. Webster during his lifetime and of which the bank had apparently lost records. Based upon our review of this record, we do not find the evidence to preponderate against the findings of fact by the trial court. Rule 13(d) T.R.A.P. As to Appellee's issue, we further find that the court below did not err in disallowing the fee and expenses of the Successor Administrator C.T.A. to be charged against Burkhart.

The judgment of the court below is affirmed. Costs of this appeal are taxed to the appellant, for which execution may issue if necessary.

TOMLIN, P.J. (Western Section), and CRAWFORD, J., concur.