[No. 30046. Department One. October 31, 1946.]

LAWRENCE SELTZER, *Appellant,* v. R. H. CHADWICK, *Respondent.*[1]

[1]Reported in 173 P. (2d) 991.

*Seltzer & Seltzer,* for appellant.

*Medley & Haugland,* for respondent.

MILLARD, C. J.—Plaintiff brought this action to recover a fee he alleges was earned by him while serving as attorney for an administrator (defendant) of an estate which was probated in Kodiak, Alaska. Trial of the cause to the court without a jury resulted in findings that the services had been performed by a partnership consisting of an attorney named Warren A. Taylor and plaintiff, and that plaintiff, who had retired from the partnership and assigned his interest in the firm to his surviving partner prior to the commencement of the action, had no right to maintain the action in his individual capacity. Plaintiff has appealed from judgment of dismissal.

Warren A. Taylor has been a practicing attorney at law at Kodiak, Alaska, for nearly twenty years. He formed a partnership with appellant in August, 1944. The name of this law firm was Taylor & Seltzer. This firm had offices at Fairbanks, Alaska, and at Kodiak, Alaska. Appellant operated the latter office, while the former was in charge of Mr. Taylor.

January 15, 1945, one S. O. Breedman, a resident of Kodiak, who had been a client of Mr. Taylor for ten or more years and for whom Mr. Taylor had drawn a will, died. Appellant telegraphed his partner at Fairbanks to locate the will, but it could not be found. Respondent, who was on the point of departing from Alaska, was persuaded to accept appointment as administrator of the Breedman estate. He became general administrator of the estate by virtue of the court's appointment March 12, 1945. The

legal work for the estate was handled by the partnership of Taylor & Seltzer. Notice to creditors was published on the customary form to present claims to the administrator at the office of Taylor & Selzer, attorneys at law, Kodiak, Alaska.

Appellant wrote to his partner at Fairbanks May 3, 1945, to the effect that he was compelled to return to the states, and that he would attempt to interest another attorney at Anchorage to take his place. Appellant stated in that letter that he had an idea the person mentioned would accept, as appellant was willing to turn his interest over to the other attorney free and clear of any claim, which included any unpaid accounts receivable or work done. In his letter, appellant stated to Mr. Taylor:

"I have told him he would have to make whatever arrangements are satisfactory to you, but that as to myself I did not desire anything but a successor."

June 13, 1945, appellant wrote Mr. Taylor that he had been unsuccessful in obtaining the attorney he had named to take his place, and that, "I expect to leave about July 1st and the office will be yours from that date on." Mr. Taylor accepted the resignation of his partner, who left Alaska July 1, 1945, going directly to Seattle, Washington, where he opened a law office.

In the "Kodiak Mirror," issue of August 4, 1945, a newspaper published in Kodiak, Alaska, is a notice of dissolution of the partnership of Warren A. Taylor and Lawrence Seltzer at Kodiak and Fairbanks, Alaska, under the firm name of Taylor & Seltzer, as of July 1, 1945, by mutual consent of the partners. The public was notified that all persons who were indebted to the partnership should make payments to Warren A. Taylor at his office at Kodiak, Alaska.

Respondent had a conversation with appellant just prior to the time of the departure of the latter from Kodiak regarding a bill of sale and some unfinished business, to which appellant said he would attend when he arrived in Seattle. The final closing of the Breedman estate was the

result of suggestions from the probate judge, who was retiring. The probate judge informed respondent that Mr. Taylor should finish probate of the estate. Mr. Taylor went to Kodiak and completed the probate. The court fixed an attorney fee in the amount of eight hundred fifty dollars, and directed that same be paid to Warren A. Taylor. The fee was paid and the assets distributed pursuant to final decree entered November 6, 1945.

Appellant was notified November 1, 1945, in Seattle, by a letter from respondent, that the final report had been heard. November 10, 1945, appellant telegraphed respondent to have the court fix the amount of his fee. This telegram was received subsequent to entry of the final decree of distribution. Respondent left Kodiak for Seattle about the same time, and was served with process in the case at bar when he arrived at Seattle.

Respondent's defense was that the only connection between the parties was that respondent engaged the firm of Taylor & Seltzer to perform the legal services in the Breedman estate, that the final account had been prepared by Warren A. Taylor, one of the members of the partnership, that the fee fixed by the court had been paid to Warren A. Taylor, that the decree of distribution had been entered, and that respondent had been discharged as administrator.

The trial court found that, after his arrival in Seattle, appellant performed some legal services for respondent in the Breedman estate; matters which had been pending at the time of appellant's departure from Kodiak. Appellant assigned all business of the law office of Taylor & Seltzer to Warren A. Taylor, who represented respondent in the probate of the Breedman estate. Appellant has no interest in or to the attorney's fees in the probate proceedings separate and apart from his interest as a partner of Warren A. Taylor.

It is clear from the evidence that appellant was a law partner of Warren A. Taylor, and that the probate of the Breedman estate was business of that partnership. Under the partnership agreement that the partners were to give their attention to the business and divide the profits equally

between the partners, and that appellant had no right under the agreement to accept business separate and apart from the partnership, the services for which appellant seeks compensation were performed by the firm of Taylor & Seltzer.

■ In order to maintain an action upon a partnership asset, the partners must be joined as parties to the action.

"In the absence of statute providing otherwise, a partnership cannot sue or be sued apart from its members." *Yarbrough v. Pugh,* 63 Wash. 140, 145, 114 Pac. 918, 33 L. R. A. (N. S.) 351.

In *Dew v. Pearson,* 73 Wash. 602, 132 Pac. 412, the plaintiff alleged that defendants had sold certain timberland to plaintiff and to two others, and that certain misrepresentations had been made regarding the extent of the timber; that plaintiff and his partners began to remove the timber, but his partners became dissatisfied and abandoned the venture and withdrew from the partnership with plaintiff's consent and with notice to the defendants; that plaintiff continued to remove the timber with defendants' consent. Thereafter plaintiff brought the suit in his own name for damages. The trial court sustained a demurrer because of a defect of parties plaintiff and dismissed the action. In sustaining the judgment, we said:

"The complaint did not allege a transfer of the contract to the plaintiff or an assent of the defendants to an assumption of it by him individually, nor did it allege notice to the defendants that he was undertaking to perform it in an individual capacity. It only alleged that the plaintiff's partners had notified the defendants that they had withdrawn from the partnership, and that the plaintiff continued to get out logs under the original contract. This was an inferential allegation that he was acting in performance of the still subsisting obligation of the partnership. It is a general rule of law, wanting provisions in the contract to the contrary, that a partnership and all of its members continue bound upon its contracts not performed even after dissolution, and that one partner has power to proceed with the performance of such contract for the firm. Burdick, Partnership, p. 238; 2 Bates, Partnership, § 709; 22 Am. & Eng. Ency. Law (2d ed.), p. 211. In view of this

rule, and in the absence of any allegation of an agreement of the defendants to take a substitution of the plaintiff individually as the other party to the contract, he could only perform the contract as for the partnership. 30 Cyc. 660, 661; *Western Lum. & Pole Co. v. Joslyn,* 66 Wash. 524, 120 Pac. 69; *Stetson & Post Mill Co. v. McDonald,* 5 Wash. 496, 32 Pac. 108. A dissolution does not ordinarily absolve the other party to the contract from his contractual obligation to the firm, there being no actual abandonment by all of the members of the firm. 30 Cyc. 661. It follows that the partners were necessary parties to the action for an alleged breach of contract, which was, so far as the complaint showed, still a subsisting contract of the partnership in its relation to the defendants, whatever the agreement of the partners among themselves."

■ Appellant, as a former member of a partnership of Taylor & Seltzer, could not maintain this action on a partnership account without joining his former partner as a party to the action or showing assignment to himself from the other partner. See *Seidell v. Taylor,* 86 Wash. 645, 151 Pac. 41; 47 C. J. 1152.

Appellant did not offer any evidence of an assignment from his partner, nor did he join his partner in the action.

■ Appellant retired from the partnership under circumstances which clearly indicate that he had assigned the partnership business to his partner, Warren A. Taylor. It follows that appellant may not successfully challenge payment by a client of that partnership to the surviving partner. Appellant notified Mr. Taylor in writing that he would give up all accounts receivable and let a successor take over, and in June, when he could not find a successor, he notified Mr. Taylor that from that time on the office was that of the surviving partner.

■ Each partner has implied authority to receive payment of firm debts in the absence of an agreement to the contrary, and even if such an agreement existed, it could not affect the firm debtor unless he was notified of such a partnership agreement. 47 C. J. 860. The services for respondent constituted partnership business. Appellant may not dispute the right of payment made by respondent to appellant's former partner. He assigned his interest in

the partnership business to his partner. If appellant is aggrieved, he should take up with his former partner the matter of adjustment of the account between them.

■ While appellant, after his departure from Kodiak, performed some services in the Breedman estate, there is no evidence what services were performed, and appellant offered no testimony tending to prove the worth of such services; hence, there may be no recovery for services rendered after July 1, 1945, in view of the fact that there is no testimony as to the value of such services.

■ Approximately three and one-half months after a general administrator had been appointed in a probate proceeding handled by the law firm of Taylor & Seltzer, the latter retired from the firm and assigned all pending business and accounts to his surviving partner. Thereafter, under instructions from the probate court, the administrator of the estate directed the surviving partner to prepare the final account and close the estate. The final account of the administrator was approved, decree of distribution was entered, and the attorney fee for representing the administrator was paid to the surviving partner. That is the situation in the case at bar. Appellant, the retiring partner, may not maintain an action against the administrator for the fee allowed to the surviving partner by the probate court.

The judgment is affirmed.

STEINERT, ROBINSON, JEFFERS, and SCHWELLENBACH, JJ., concur.