[No. 36111. Department One. April 12, 1962.]

*In the Matter of the Petition of* THE CITY OF BELLEVUE.

THE CITY OF BELLEVUE, *Respondent*, v. LUCY NADINE UNDERWOOD, *Individually and as Executrix, Appellant.**

*Powell, Johnson & Livengood,* by *Gordon A. Livengood* and *G. J. Silvernale, Jr.,* for appellant.

*Joseph S. Miller,* for respondent.

FOSTER, J.—The appellant landowner appeals from a judgment in an eminent domain proceeding. The one valid assignment of error is to a finding of fact[1] respecting damages.

Cutting through a ponderous maze of confusing, bewildering and wholly irrelevant details, the record shows that the appellant owned commercial property in Bellevue which

* Reported in 370 P. (2d) 861.

[1] " . . . [description of property] is the sum of $3,527.37 comprised of $100.00 for the easement right and $3,427.37 for the improvements thereon; that no damages will accrue to any part remaining because of its severance from the part taken; and that there are no damages to any land or property not taken."

was improved by a supermarket. Upon acquisition of the property, appellant likewise acquired a nonexclusive easement over an adjacent private street which, at the time of trial, had been improved by blacktopping. It is used by the customers of the supermarket and others, and has all of the outward attributes of a public street.

The city of Bellevue, to extend a public street over this private one, instituted the necessary condemnation proceeding. The property sought for street purposes coincided exactly with the property on which the appellant had an easement, and the condemnation, when complete, would extinguish appellant's private, nonexclusive easement and substitute therefor a public street.

No question arises as to the damage awarded for the appellant's improvement to her easement, but the contention is that she was entitled to substantial instead of only nominal damages for the transformation of the private street into a public one. The trial court was correct in awarding nominal damages only. The applicable rule of law was simply stated by the Supreme Court of Idaho in *City of Lewiston v. Brinton*, 41 Idaho 317, 322, 239 Pac. 738, as follows:

"Where a private way is taken for a public way, if the public use does not interfere with the enjoyment of the way, and if the burden on the land is practically identical, the owner of the fee is entitled only to nominal damages. Whether such use as a public way does add to the burden on the land is a question of fact to be determined and taken into consideration by the jury."

Accord: *People ex rel. Washburn v. Common Council*, 128 App. Div. 44, 112 N. Y. S. 387; *Tanner v. Provo Bench Canal & Irr. Co.*, 40 Utah 105, 121 Pac. 584; *Boston Chamber of Commerce v. City of Boston*, 195 Mass. 338, 81 N. E. 244, 217 U. S. 189, 54 L. Ed. 725, 30 S. Ct. 459; *In re Appeal of Sowers*, 175 Minn. 168, 220 N. W. 419.

Other claimed assignments of error[2] are not assign-

---

[2] "2. In refusing to make and enter proposed Findings of Fact which relate to the total value of the premises taken, estimating the same as

ments of error at all, but merely invitations to search the record to ascertain if this court can find error. Such claims do not raise any question on appeal. Error in failing to enter proposed findings which are not set out in the brief cannot be considered. *Miller v. Geranios*, 54 Wn. (2d) 917, 338 P. (2d) 763; *Scroggin v. Worthy*, 51 Wn. (2d) 119, 316 P. (2d) 480; *Koster v. Wingard*, 50 Wn. (2d) 855, 314 P. (2d) 928; *Downie v. Cooledge*, 48 Wn. (2d) 485, 294 P. (2d) 926.

The judgment is affirmed.

HILL, WEAVER, ROSELLINI, and OTT, JJ., concur.

May 31, 1962. Petition for rehearing denied.

an entire estate and as if the same were the sole property of one owner in fee simple.

"3. On the question of damages in that the award for the premises taken, exclusive of improvements, was reached by deducting from the total value of the premises taken, benefits from the proposed improvement.

"4. Upon the adequacy of the compensation awarded appellant for her interest in the premises taken, exclusive of improvements thereon.

"5. In rendering its judgment in favor of the respondent and against the appellant."