[Nos. 9557–6–III; 9611–4–III. Division Three. July 11, 1989.]

CORK INSULATION SALES CO., INC., *Respondent,* v. CHET TORGESON, ET AL, *Defendants,* SHANE TORGESON, ET AL, *Appellants.*

*George Fearing* and *Leavy, Schultz & Sweeney,* for appellants.

*D. Wayne Campbell* and *Davis Wright & Jones,* for respondent.

SHIELDS, J.—Mr. and Mrs. Shane Torgeson (hereinafter referred to as Mr. Torgeson) appeal from the trial court's denial of reasonable attorney fees sought under RCW 4.84-.250 after Cork Insulation, Inc., was granted a voluntary dismissal without prejudice. Mr. Torgeson also assigns error to a judgment against him for terms entered 3 months after the dismissal and 2 weeks after he filed his notice of appeal. We affirm the trial court's denial of reasonable attorney fees and vacate the judgment entered against Mr. Torgeson.

Cork sued Mr. Torgeson and his father, Chet Torgeson, for payment of a $2,625.38 debt incurred for materials supplied to Viking Industries, allegedly the corporation of father and son. On January 25, 1988, Cork took a default judgment against both men, but on March 28, 1988, the court vacated it as to Mr. Torgeson when he appeared and averred he had no interest in Viking. The court also

assessed $250 in terms against Mr. Torgeson. On June 14, 1988, Mr. Torgeson moved for summary judgment to dismiss Cork's action with prejudice. On June 20, and without notice to Mr. Torgeson, Cork obtained an order of voluntary dismissal. Shortly thereafter, Mr. Torgeson moved for an award of attorney fees and costs based, in part, upon RCW 4.84.250[1] and an offer of settlement which he had previously tendered of $1. The trial court denied the award of fees, finding the filing of the action was not frivolous and no grounds existed for an award under RCW 4.84.250. Mr. Torgeson appeals solely on the court's interpretation of the statute.

RCW 4.84.250 would authorize an award of reasonable attorney fees as part *of the costs of an action* if the amount pleaded is less than $10,000 and if Mr. Torgeson is the prevailing party. The contentions on appeal address the parties' interpretation of the definition of prevailing party. Cork argues it prevailed because of the judgment against Chet Torgeson and the $250 terms assessed as a condition of vacating the default judgment. Mr. Torgeson counters by contending entry of the voluntary dismissal was the equivalent of no recovery. Thus, he alleges he was the prevailing party by statutory definition of RCW 4.84.270:

> The defendant, or party resisting relief, shall be deemed the prevailing party within the meaning of RCW 4.84.250, if the plaintiff, or party seeking relief in an action for damages where the amount pleaded, exclusive of costs, is equal to or less than the maximum allowed under RCW 4.84.250, recovers nothing, or if the recovery, exclusive of costs, is the same or less than the amount offered in settlement by the defendant, or the party resisting relief, as set forth in RCW 4.84.280.

---

[1]RCW 4.84.250 provides:

"Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20-.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is seven thousand five hundred dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees. After July 1, 1985, the maximum amount of the pleading under this section shall be ten thousand dollars."

Under this statutory scheme, Cork is the prevailing party if its recovery, exclusive of costs, is as much as or more than the $1 offered in settlement by Mr. Torgeson. Conversely, Mr. Torgeson would be the prevailing party if Cork recovers nothing. 15 L. Orland & K. Tegland, Wash. Prac., *Trial Practice* § 453, at 162 (4th ed. 1986). Thus, it is necessary to determine what Cork has recovered against Mr. Torgeson. In order to make that determination it is necessary to address the validity of the judgment entered against Mr. Torgeson for $250.

Mr. Torgeson contends the court erred when it entered that judgment 3 months after the action was dismissed and 2 weeks after his notice of appeal had been filed. The order vacating the default judgment and assessing terms was entered March 28, 1988. Dismissal was granted June 20, 1988, at which time, the court lost jurisdiction of the matter. Entry of a judgment after the order of dismissal exceeds the jurisdiction of the court. Cork could have reduced the terms to judgment on March 28 or June 20 and included them in its order vacating judgment or dismissal. Any error in failing to protect its award of terms is self–invited and will not be considered here. Thus, we conclude the court erred when it entered judgment against Mr. Torgeson.

We next address whether Mr. Torgeson is entitled to attorney fees by virtue of the entry of the voluntary dismissal. Several cases have awarded costs and attorney fees under other statutory or specific contractual provisions when a complaint has been dismissed voluntarily, either with or without prejudice. *See Andersen v. Gold Seal Vineyards, Inc.*, 81 Wn.2d 863, 865, 505 P.2d 790 (1973) (costs and attorney fees awarded under the long arm statute to the third party defendant when the complaint was dismissed voluntarily without prejudice); *Soper v. Clibborn*, 31 Wn. App. 767, 644 P.2d 738 (1982) (the defendant is the prevailing party and is entitled to costs and attorney fees under the unlawful detainer statute when the plaintiff's

action is dismissed for improper notice even if the defendant does not prevail on his counterclaim); *Western Stud Welding, Inc. v. Omark Indus., Inc.,* 43 Wn. App. 293, 716 P.2d 959 (1986) (defendant was deemed the prevailing party and entitled to costs and attorney fees pursuant to a stock buy-out contract when plaintiff obtained a voluntary dismissal with prejudice). However, these cases are distinguished on the grounds they do not address RCW 4.84.250.

■ A review of the statute and its related provisions convinces us there are at least three requirements which must be met to trigger the operation of the statute: (1) The damages sought must be less than $10,000; (2) the party seeking to recover attorney fees and costs must be deemed the prevailing party; and (3) a judgment must be entered before the offer of settlement is opened. The first requirement is uncontested, and arguably, Mr. Torgeson is deemed the prevailing party under the second requirement. However, the third requirement never occurred.

One of the purposes of this statute is to encourage settlement of claims for less than $10,000 to avoid the expense of trial. *Harold Meyer Drug v. Hurd,* 23 Wn. App. 683, 687, 598 P.2d 404 (1979). If there has been no trial, presumably no trial expenses have been incurred. Additionally, a voluntary nonsuit does not result in an adjudication on the merits and no judgment is entered. RCW 4.84.280 requires the offer of settlement tendered by the defendant be made known to the trier of fact only after judgment has been entered. No judgment was entered; thus, the statute was not triggered and the attorney fees and costs sought by Mr. Torgeson were properly denied.[2]

---

[2]We note CR 41(d) provides for an award of costs incurred in the action dismissed if the plaintiff files a second action based upon the same claim against the same defendant. The proceedings in the second action are stayed until those costs are paid. *Hall v. Stolte,* 24 Wn. App. 423, 425, 601 P.2d 967 (1979). Presumably, should Cork decide to refile the action, the court may impose any costs which may be necessary to compensate Mr. Torgeson as a condition precedent to proceeding with the second lawsuit.

■ On cross appeal, Cork attacks the merits of the vacation of the default judgment. RAP 2.2 allows for appeal as a matter of right only from a final judgment or from a decision which in effect determines the action and prevents a final judgment. Neither is applicable here. Additionally, RAP 2.2(a)(10) permits direct appeal from an order granting or denying a motion to vacate a judgment. Cork failed to timely appeal the order which vacated the default judgment in March. Thus, not only has Cork failed to preserve the issue on appeal, but having taken a voluntary dismissal, it has waived the jurisdiction of both the trial and appellate courts with respect to the merits of its claim. Thus, the issue will not be considered here.

Finally, both parties have requested an award of attorney fees under RCW 4.84.290. Given our decision which denies relief to either party, neither will be considered prevailing and the fees requested will be denied.

The trial court's decision to deny reasonable attorney fees and costs is affirmed; the entry of judgment against Mr. Torgeson for $250 is vacated.

THOMPSON, C.J., and GREEN, J., concur.

Review denied at 113 Wn.2d 1022 (1989).