[No. 22066-1-II. Division Two. June 12, 1998.]

MELITA SHIELDS, *Appellant*, v. PAUL H. GARRISON, ET AL.,
*Respondents*.

382

*John A. Rorem*, for appellant.
*Matthew L. Sweeney*, for respondents.

BRIDGEWATER, A.C.J. — Melita Shields appeals the compensation awarded in her condemnation action for a way of private necessity, arguing that only nominal damages should have been awarded because the easement was over an existing roadway and there was no damage to the remaining property, and that attorney fees were not appropriate. We hold that a way of private necessity can be taken over an existing roadway, that the roadway is considered as an improvement, that the owner is entitled to an award that represents the fair market value of the easement, and that cost of the roadway is a legitimate factor to consider when setting the fair market value of the easement. Further, we hold that an award for condemnation will not be set aside except upon an abuse of discretion of the fact finder; and here, there is no abuse because the award was within the range of evidence for fair market value. Additionally, when there is evidence of damage to remaining land because some land is taken, those severance damages are compensable. Finally, we hold that an award for attorney fees is proper, both at the trial and appellate courts. We affirm.

Shields owns a landlocked piece of Pierce County property, for which she sought a private way of necessity over the property of her neighbors. She initiated a condemnation action under RCW 8.24.010, against two neighboring land owners, the Garrisons and the Fultons, who owned the property between Shields and the nearest accessible public road. By order of summary judgment, Shields was granted a way of necessity over a parcel of undeveloped property jointly owned by the Garrisons and the Fultons and over a private road constructed by the Garrisons to serve property they had developed. The Garrisons retained the exclusive right to grant easements over that private roadway.

The trial court held a hearing to determine the compensation due to the Garrisons and the Fultons for Shields's easement. For the short easement over the undeveloped parcel, the court awarded compensation of $5,000. For the easement over the Garrisons' road, the court awarded to the Garrisons $8,423.30.[1] The court also granted attorney fees and costs to the Garrisons and the Fultons. Shields appeals both the compensation awards and the award of attorney fees and costs.

██ ██ Under the Washington Constitution, article I, section 16, private persons may exercise eminent domain power to condemn private ways of necessity. An easement may be condemned over an existing roadway. *See State ex rel. Colyn v. Superior Court*, 132 Wash. 411, 232 P. 282

---

[1]The court calculated damages for the easement over the road as follows:

| Cost of building the road | | $182,500 |
|---|---|---|
| Cost of installing utilities | + | $ 44,300 |
| Value of the land | + | $120,000 |
| Assessments to each owner | - | $ 54,000 |
| Amount paid by Fultons | - | $ 24,000 |
| | total | $268,800 |

Total cost ($268,800) divided by total number of points (1,376) = $195.35/point. Shields paid $1,000 assessment plus the value of her points (38 times $195.35 = $7,423.30) for a total award of $8,423.30. Points are calculated based on the distance each owner will travel on the road.

(1925). But no property may be taken under eminent domain without just compensation. WASH. CONST. art. I, § 16; RCW 8.24.030. The owner of landlocked property is not entitled to a private way of necessity without paying just compensation. *Leinweber v. Gallaugher,* 2 Wn.2d 388, 391, 98 P.2d 311 (1940). "Just compensation is the fair market value of the property, taking into consideration as part of the property such improvements as have become permanently affixed thereto, measured as of the date of trial." *State v. Wilson,* 6 Wn. App. 443, 447, 493 P.2d 1252 (1972) (citing *Ham, Yearsley & Ryrie* v. *Northern Pac. Ry. Co.,* 107 Wash. 378, 181 P. 898 (1919)). "Fair market value is the amount of money which a well informed purchaser, willing but not obliged to buy the property would pay, and which a well informed seller, willing but not obliged to sell it would accept, taking into consideration all uses to which the property is adapted and might in reason be applied." *Wilson,* 6 Wn. App. at 447 (citing *Donaldson v. Greenwood,* 40 Wn.2d 238, 242 P.2d 1038 (1952)).

 Shields argues that the Garrisons suffered no loss in market value as a result of the order granting her the right to use the road, and, therefore, the trial court erred by awarding more than nominal damages. Shields cites *City of Bellevue v. Underwood,* 59 Wn.2d 793, 370 P.2d 861 (1962), in which a private road was condemned for a public road. Shields misreads *Underwood,* which merely holds that where a private way is taken for a public way, only nominal damages are due for the alleged losses due to the *transformation of the private street to a public one. Id.* at 794. *Underwood* does not address the precise issue here, that of damages to the dominant owner for the cost of improving the property and creating the road. In fact, *Underwood* specifically states that "[n]o question arises as to the damage awarded for the [easement owner's] improvement to her easement." *Id.* at 794. Shields cites no Washington cases preventing a compensation award for improvements to the road.

Indeed, proper consideration of this issue should begin

with the understanding that this is condemnation of improved property. Although *Wilson* involved a total taking of land and a building, it sets forth the factors to be considered in determining the fair market value of any improved property, including "sales of similar property in the market, rental value of the property, and the reproduction or replacement cost less depreciation." 6 Wn. App. at 447 (footnotes omitted). The Real Property Deskbook lists such factors as "the original price paid, improvements, the desirability of the property, the demand, the use to which the property could be put, and any other factors affecting value." WASHINGTON REAL PROPERTY DESKBOOK, § 74.6 (1996) (citing *City of Medina v. Cook*, 69 Wn.2d 574, 418 P.2d 1020 (1966); *In re Town of Issaquah*, 31 Wn.2d 556, 197 P.2d 1018 (1948); *Chelan Elec. Co. v. Perry*, 148 Wash. 353, 358, 268 P. 1040 (1928)).

It is evident that the fact finder can use the original cost of improvements as a factor in determining the fair market value of property subject to private condemnation. The trier of fact has discretion to award damages in an amount falling within the range of relevant evidence. *Mason v. Mortgage Am., Inc.*, 114 Wn.2d 842, 850, 792 P.2d 142 (1990). "An appellate court will not disturb an award of damages made by the fact finder unless it is outside the range of substantial evidence in the record, or shocks the conscience, or appears to have been arrived at as the result of passion or prejudice." *Id.* at 850. Likewise, a compensation award will be affirmed if it is within the range of substantial evidence in the record. *See State v. Swarva*, 86 Wn.2d 29, 36, 541 P.2d 982 (1975); *City of Tacoma v. Hansen*, 59 Wash. 594, 596-97, 110 P. 426 (1910).

There is no support for Shields's position that the court is restricted to nominal damages. It would have been error for the court to have awarded only nominal damages because the Garrisons were entitled to a fair market value. Shields was not required to pay for the total cost of the road, as she will have to do for the roadway across the

unimproved property of the Garrisons and the Fultons. Shields was required to pay only for a portion of the total value of the Garrisons' road as just compensation for the taking of easement rights over that road.

Nor did the trial court err in assessing the fair market value of Shields's easement. If access to the road were sold on the open market, the cost would include consideration of the cost of building the road and, therefore, it is reasonable that the fair market value measure of compensation would also include such considerations.

Shields contends that the Garrisons have already been compensated for the cost of the road through their sale of property abutting the road. First, there is no evidence that the Garrisons are receiving a "windfall" by this judgment. While it is undoubtedly true that the values of the lots abutting the road were increased, there is no evidence that any of those owners actually paid for the use of the easement, other than the Fultons (whose costs were deducted from the cost of construction). Thus, there is no evidence that the Garrisons received a windfall. Furthermore, the measure of the award is not cost of construction, so that the Garrisons would come out even, but rather the market value of the easement, which may in some cases include a profit, depending on what the owners paid for the interest being sold. Therefore, this argument has no merit.

■ Shields further contends that the trial court erred in its calculation of the award due to the Garrisons for the construction of the road because it included the value of the land on which the road was built. Shields does not contest the value placed on the land, but rather contends that the value of the land should not be included because the road increases the value of the Garrisons' land. Including the value of the land underlying the roadway was not an abuse of discretion. The land has value and that is reflected in the market value of the easements for the use of the road. Therefore, there was no abuse of discretion in including the value of the land in the award.

■ Shields also challenges the damage award of $5,000

for the easement over the land jointly owned by the Garrisons and the Fultons. These damages are properly referred to as "severance damages," that is, harm to the remaining parcel that will be caused by the project for which the part taken is condemned.[2] Shields contends that the reduction in the value of the remaining property could not have been more than nominal because there was already an existing, although undeveloped, road easement over the property. Shield's argument is without merit. "Whatever is reasonably certain to follow as an incident to such construction and operation [of the road], which in an appreciable degree depreciates the value of the remaining land, is a proper element of damage to be considered by the jury [or judge] in arriving at its verdict." *Idaho & W. Ry. Co. v. Coey*, 73 Wash. 291, 293, 131 P. 810 (1913). There is uncontroverted evidence in the record that the value of the remaining land will suffer if a road is built over the property, including loss of privacy, quiet, and view. These damages are compensable and there was evidence in the record to support them.

The court did not err in valuing the fair market value of the easement or the severance damages.

■ Shields assigns error to the trial court's award of attorney fees to the Garrisons and the Fultons. Shields provides no argument for this assignment of error. The awarding of attorney fees pursuant to a statute or contract is a matter of discretion with the trial court that will not be disturbed absent a clear showing of an abuse of that discretion. *Fluke Capital & Management Servs. Co. v.*

---

[2]17 WILLIAM B. STOEBUCK, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 9.23, at 596-97 (1995) defines "severance damages" as

> a form of eminent domain compensation that is in some cases due to an owner when a condemnor has taken only part of a single parcel of land or part of multiple parcels that are used as a "unit". . . . [T]he owner may be entitled to compensation for a loss of value to the part of the land that remains, caused by the fact that (1) the project for which the condemnation is made will devalue the remaining land or (2) the remaining land is worth less severed from the part taken than when both parts could be used together. These additional items of damage are severance damages.

*Richmond,* 106 Wn.2d 614, 625, 724 P.2d 356 (1986); *Culinary Workers & Bartenders Union, Local No. 596 v. Gateway Cafe, Inc.,* 91 Wn.2d 353, 372, 588 P.2d 1334, 642 P.2d 403 (1979), *cert. denied,* 459 U.S. 839 (1982). The trial court awarded attorney fees and costs pursuant to RCW 8.24.030, which provides that:

> In any action brought under the provisions of this chapter for the condemnation of land for a private way of necessity, reasonable attorneys' fees and expert witness costs may be allowed by the court to reimburse the condemnee.

Shields has not shown that the award of attorney fees was an abuse of discretion and we find no error.

The Garrisons and the Fultons also request attorney fees on appeal pursuant to RAP 18.1. Based upon the above statute, RCW 8.24.030, we will award attorney fees upon compliance with RAP 18.1.

Affirmed.

SEINFELD and ARMSTRONG, JJ., concur.