[No. 23513-7-II.    Division Two.    July 2, 1999.]
RICHARD L. BECKMAN, ET AL., *Appellants,* v. MONTE WILCOX, ET AL., *Respondents.*

---

*James J. Mason* of *Eisenhower & Carlson*, for appellants.
*Margaret Yvonne Archer* of *Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim*, for respondents.

SEINFELD, J. — A private way of necessity condemnor appeals an award of attorney fees to his condemnee. The trial court awarded the fees shortly after it dismissed the condemnation action pursuant to the condemnor's motion. The question before us is whether the trial court retained jurisdiction to award attorney fees. Holding that it did, we affirm.

## FACTS

The condemnors, Richard L. and Richard J. Beckman (Beckman), filed a petition for a private way of necessity. They sought to condemn a private road owned by Monte and Jeanette Wilcox, Wesley and Karen Randall, and David and Kasandra Edgemon Suther (Wilcox). Wilcox's answer included a request for costs and attorney fees pursuant to RCW 8.24.030.

The trial court issued a memorandum opinion stating

that it would grant the private way of necessity upon the condemnor's payment of compensation in an amount to be established at trial and that Wilcox "shall have their reasonable attorney's fees and expert witness costs as permitted by RCW 8.24.050."[1] The subsequent private way of necessity decree stated that it was subject to Beckman's payment of compensation "and such other atty's fees and other costs as may be allowed by statute and the court."

Because of court congestion, the trial was set and then continued three times; ultimately, it was delayed for more than a year. At one point, Wilcox moved for reimbursement of attorney fees thus far incurred. The trial court continued the motion "until the conclusion of trial."

Finally, on the morning of trial, Beckman moved for voluntary dismissal pursuant to CR 41(a)(1)(B). Wilcox advised the court that it would move again for fees. The trial court then dismissed the suit without prejudice.

About a week later, Wilcox filed a motion for costs and attorney fees. The trial court granted the motion and awarded Wilcox $20,000 in attorney fees and $4,800 in expert witness fees.

Beckman appeals, arguing that the trial court lost jurisdiction to award fees after it dismissed the case. Alternatively, Beckman contends that RCW 8.24.030 does not authorize an award of fees when the condemnee's property is not taken. Beckman also challenges the reasonableness of the fee award.

## JURISDICTION AND CR 41 VOLUNTARY DISMISSAL

CR 41(a) provides for the voluntary dismissal of a case upon the plaintiff's motion. CR 41(a)(1) states, in relevant part, as follows: "[A]ny action shall be dismissed by the court . . . (B) . . . [u]pon motion of the plaintiff at any time before plaintiff rests at the conclusion of his opening case." CR 41(a)(4) states: "Unless otherwise stated in the order of dismissal, the dismissal is without prejudice[.]"

[1] The reference to RCW 8.24.050 appears to have been a typographical error. The applicable statute is RCW 8.24.030.

██ ██ Because CR 41(a) follows the federal rule, FED. R. CIV. P. 41(a), we look to decisions and analysis of the federal rule for guidance, but "we are by no means bound by those decisions." *Darling v. Champion Home Builders Co.*, 96 Wn.2d 701, 706, 638 P.2d 1249 (1982) (citing *American Discount Corp. v. Saratoga W.*, 81 Wn.2d 34, 37, 499 P.2d 869 (1972)). Under FED. R. CIV. P. 41, the effect of a voluntary dismissal " 'is to render the proceedings a nullity and leave the parties as if the action had never been brought.' " *Bonneville Assoc., Ltd. Partnership v. Barram*, 165 F.3d 1360, 1364 (Fed. Cir. 1999) (quoting *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996) and *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995)).[2]

Beckman, citing *Barr Lab., Inc. v. Abbott Lab.*, 867 F.2d 743, 747 (2d Cir. 1989), asserts that under federal case law a voluntary dismissal terminates a trial court's jurisdiction over the action in all respects, including its authority to impose sanctions. The United States Supreme Court has concluded otherwise. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990) (trial court's jurisdiction to impose Rule 11 (FED. R. CIV. P. 11) sanctions survives a notice of voluntary dismissal).

The *Cooter & Gell* Court noted that a "federal court may consider collateral issues after an action is no longer pending." 496 U.S. at 395. The Court explained: "This Court has indicated that motions for costs or attorney's fees are 'independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree.' " *Id.* (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 170, 59 S. Ct. 777, 83 L. Ed. 1184 (1939)).

Although federal courts have denied motions for statutory attorney fees after voluntary dismissal, they have done so because the relevant statutes authorizing the fees did not provide for fees after the dismissal. For example, in

---

[2]Applying FED. R. CIV. P. 41(a), the federal equivalent to CR 41(a).

*Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1076 (7th Cir. 1987), the Seventh Circuit held that 42 U.S.C. § 1988 disallowed fees after voluntary dismissal because the statute authorized payment to the "prevailing party" only. The Seventh Circuit reasoned that because a dismissal under FED. R. CIV. P 41(a)(1)(i) is without prejudice, the defendant did not prevail. *Szabo Food Serv.*, 823 F.2d at 1077. But the Seventh Circuit went on to approve the imposition of Rule 11 sanctions, reasoning that "[n]either 'prevailing' on the merits nor an entitlement to 'costs' is a necessary condition of a Rule 11 award." *Id.*

Beckman, citing *Cork Insulation Sales Co. v. Torgeson*, 54 Wn. App. 702, 705, 775 P.2d 970 (1989) and *Thurston County v. Scammel*, 7 Wash. 94, 34 P. 470 (1893), argues that Washington case law also supports his position. But in both of those cases, like the federal cases, the statutes authorizing attorney fees did not apply after voluntary dismissal.

In *Scammel*, the trial court dismissed an action because the Legislature had repealed the statute authorizing the action, thus depriving the court of its underlying jurisdiction before the start of trial. 7 Wash. at 95. Nonetheless, the trial court awarded judgment in favor of the defendant for costs and fees. *Id.* at 96-97. The Supreme Court reversed, reasoning that because the trial court had lost jurisdiction, it had "no more authority to render judgment for costs than for relief." *Id.* at 95. Thus, we must view the *Scammel* court's broad statement, "where an action is dismissed for want of jurisdiction, no costs can be awarded to either party unless expressly authorized by statute," in that limited context. *Id.*

In *Cork Insulation*, a Division Three decision, the court concluded that there could be no award after plaintiff's vol-

untary dismissal.[3] But its reasoning turned on the particular statute under consideration there. Further, the language from *Cork Insulation* quoted by Beckman—that upon voluntary dismissal "the court lost jurisdiction of the matter"—does not refer to an award of statutorily authorized attorney fees. 54 Wn. App. at 705. Rather, the *Cork Insulation* court was discussing the trial court's assessment of *terms* against the defendant after the plaintiff obtained a voluntary nonsuit. *Id.* at 703-05 (plaintiff should have reduced the award of terms to judgment before or at the same time it moved for voluntary dismissal).

The attorney fee statute in *Cork Insulation*, RCW 4.84.250, provided for attorney fees to the "prevailing party." 54 Wn. App. at 704. Because there can be no "prevailing party" as that term is used in RCW 4.84.250 and .270 until after entry of judgment, a pretrial voluntary dismissal makes the attorney fee provision inapplicable. *See* RCW 4.84.270 (a defendant is the "prevailing party," if the plaintiff recovers no more than "the amount offered in settlement by the defendant") and RCW 4.84.250 ("a judgment must be entered before the offer of settlement is opened"). By contrast, the statute at issue here, RCW

---

[3]The *Cork Insulation* court acknowledged that there are cases where statutory or contractual provisions authorize an award of fees "when a complaint has been dismissed voluntarily," stating:

> Several cases have awarded costs and attorney fees under other statutory or specific contractual provisions when a complaint has been dismissed voluntarily, either with or without prejudice. *See Andersen v. Gold Seal Vineyards, Inc.*, 81 Wn.2d 863, 865, 505 P.2d 790 (1973) (costs and attorney fees awarded under the long arm statute to the third party defendant when the complaint was dismissed voluntarily without prejudice); *Soper v. Clibborn*, 31 Wn. App. 767, 644 P.2d 738 (1982) (the defendant is the prevailing party and is entitled to costs and attorney fees under the unlawful detainer statute when the plaintiff's action is dismissed for improper notice even if the defendant does not prevail on his counterclaim); *Western Stud Welding, Inc. v. Omark Indus, Inc.*, 43 Wn. App. 293, 716 P.2d 959 (1986) (defendant was deemed the prevailing party and entitled to costs and attorney fees pursuant to a stock buy-out contract when plaintiff obtained a voluntary dismissal with prejudice). However, these cases are distinguished on the grounds they do not address RCW 4.84.250.

54 Wn. App. at 705-06.

8.24.030, does not predicate attorney fees upon entry of judgment.

Where a party seeking fees meets the conditions of the statute allowing for fees, the trial court may award fees even after a voluntary dismissal. *Andersen v. Gold Seal Vineyards, Inc.*, 81 Wn.2d 863, 867-68, 505 P.2d 790 (1973). In *Gold Seal*, certain parties sought attorney fees under the fee provision in the long-arm statute, RCW 4.28.185(5). 81 Wn.2d at 864. That statute allowed fees to a defendant who is sued outside the state and who prevails. RCW 4.28.185(5).

Defendant Gold Seal brought a third party complaint against Sparkletop, who then brought a third party complaint against Napco. *Gold Seal*, 81 Wn.2d at 864. During trial, Gold Seal voluntarily dismissed its action against Sparkletop, who then voluntarily dismissed its action against Napco. *Id.* at 864-65. The trial continued with Gold Seal as the only defendant and resulted in a judgment in favor of the plaintiff. *Id.* at 865. The trial court then ordered Gold Seal to pay both Sparkletop's and Napco's costs and fees. *Id.* The Supreme Court affirmed the fee award, reasoning that because at the end of the proceeding, Sparkletop and Napco had avoided liability, they satisfied the long-arm statute's requirement that they be "prevailing parties."[4] *Id.* at 868.

Thus, in the Washington and federal cases, the trial court's power to award attorney fees after a voluntary dismissal turns on whether the claimant meets the conditions of the statute authorizing fees. Some statutes do not authorize an award of fees after voluntary dismissal. *Cork Insulation*, 54 Wn. App. at 706; *Szabo Food Serv.*, 823 F.2d at 1077. Statutes that are broader in scope allow such awards. *Gold Seal*, 81 Wn.2d at 868; *see also Corcoran v. Columbia Broad. Sys.*, 121 F.2d 575, 576 (9th Cir. 1941) (defendant was the prevailing party within the meaning of

---

[4]For reasons not relevant here, the Supreme Court reversed that part of the judgment ordering Gold Seal to pay Napco for costs and fees incurred in defending Sparkletop's indemnity claim. *Gold Seal*, 81 Wn.2d at 871-72.

the Copyright Act and, thus, entitled to fee award after entry of order dismissing action); *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 771 F.2d 521, 525 (D.C. Cir. 1985) (applying *Corcoran* to dismissal under Lanham Act); *In Re Arrow Transp. Co.*, 224 B.R. 457, 461 (Bankr. D. Or. 1998) (applying *Corcoran* to voluntary withdrawal of WARN Act claim).[5] Because RCW 8.24.030 grants such authority, the trial court had the jurisdiction to act.

## NO REQUIREMENT THAT THERE BE A TAKING

█ Beckman argues that because there was no taking in this case, Wilcox is not entitled to an award of fees. But RCW 8.24.030 does not require a taking; it allows attorney fees for any "action."

The relevant part of RCW 8.24.030 provides in part:

> In any action brought under the provisions of this chapter for the condemnation of land for a private way of necessity, reasonable attorneys' fees and expert witness costs may be allowed by the court to reimburse the condemnee.

This statute "grants the trial court discretion to award reasonable fees and costs without regard to whether the condemnee has prevailed in the action or on any particular issue." *Sorenson v. Czinger*, 70 Wn. App. 270, 279, 852 P.2d 1124 (1993) (RCW 8.24.030 "does not limit the award of fees and costs to a prevailing party"). An attorney fee award under RCW 8.24.030 "is a matter of discretion with the trial court that will not be disturbed absent a clear showing of an abuse of that discretion." *Shields v. Garrison*, 91 Wn. App. 381, 388, 957 P.2d 805, 967 P.2d 1266 (1998) (citing *Fluke Capital & Management Servs. Co. v. Richmond*, 106 Wn.2d 614, 625, 724 P.2d 356 (1986)).

█ Clearly, Beckman brought an "action." Although the

---

[5]*Szabo Food Service* acknowledged *Corcoran* but declined to construe 42 U.S.C. § 1988 so broadly as to authorize an award of fees. 823 F.2d at 1076-77. However, *Szabo Food Service* agreed with *Corcoran* to the extent that voluntary dismissal did not divest the trial court of its power to award attorney fees where appropriate. 823 F.2d at 1077-78.

statute does not define "action," we may resort to extrinsic aids, such as dictionaries, to find the word's ordinary meaning. *Brenner v. Leake*, 46 Wn. App. 852, 854-55, 732 P.2d 1031 (1987). In its legal sense, an "action" is a "lawsuit brought in a court." BLACK's LAW DICTIONARY 28 (6th ed. 1990). Under a plain reading of RCW 8.24.030, a condemnor who initiates an action is obligated to pay the condemnee's fees even if the condemnor later abandons the action through a voluntary dismissal.

But Beckman asks us to construe RCW 8.24.030 in light of RCW 8.25.075, a statute that contains a specific provision allowing a condemnee to recover attorney fees from a public condemnor who abandons the action.[6] He argues that because RCW 8.24.030 does not contain a similar specific provision authorizing fees, a private way of necessity condemnee cannot obtain a fee award when the condemnor abandons the action.

■ A reviewing court can find that an act means something other than its plain language when the act is considered in pari materia with other acts. *State v. McDougal*, 120 Wn.2d 334, 351, 841 P.2d 1232 (1992). "Statutes in pari materia are those which relate to the same person or thing, or the same class of persons or things . . . ." *State v. Houck*, 32 Wn.2d 681, 684, 203 P.2d 693 (1949). "Statutes in pari materia must be construed together . . . and in construing [them], . . . all acts relating to the same subject matter or having the same purpose, should be read in connection therewith as together constituting one law." *Id*. at 684-85.

Here, RCW 8.24.030 and RCW 8.25.075 are not in pari

---

[6]RCW 8.25.075(1), enacted by LAWS OF 1971, Ex. Sess., ch. 240, § 21, states:

A superior court having jurisdiction of a proceeding instituted by a condemnor to acquire real property shall award the condemnee costs including reasonable attorney fees and reasonable expert witness fees if:

(a) There is a final adjudication that the condemnor cannot acquire the real property by condemnation; or

(b) The proceeding is abandoned by the condemnor.

materia; they relate to different things. The two statutes have different legislative histories and different public policies support them.[7] *See Nelson v. Samuel*, 43 Wn. App. 114, 119-20, 715 P.2d 161 (1986). Consequently, we do not construe the two statutes together.

The legislative history of fee awards for private way of necessity actions has evolved in the last thirty years. RCW 8.25.900, repealed in 1971, authorized an award of attorney and witness fees in private way of necessity actions. LAWS OF 1971, 1st Ex. Sess., ch. 240, § 22; *Daviscourt v. Peistrup*, 40 Wn. App. 433, 437, 698 P.2d 1093 (1985). Consequently, Division One of this court held that statutory fees were recoverable for public condemnation actions only. *Nelson*, 43 Wn. App. at 119-20; *Daviscourt*, 40 Wn. App. at 447. Then, in 1988, the Legislature enacted RCW 8.24.030 in its current form, allowing for attorney fees for "any action" for a private way of necessity. LAWS OF 1988, ch. 129, § 3.

The legislative history, the use of the term "any action," and the other statutory language indicates that the Legislature intended broad application of RCW 8.24.030. *Sorenson*'s holding that RCW 8.24.030 confers a trial court with discretion to award costs and fees without regard to whether the condemnee prevails is consistent with this legislative intent. 70 Wn. App. at 279. Further, the bifurcated nature of private way of necessity actions, where the trial court first determines whether to allow a private way of necessity and then conducts a separate hearing to assess just compensation, justifies an attorney fee award even where there has been no actual taking. RCW 8.20.070.[8]

Here, Beckman voluntarily dismissed his action after the trial court had approved his right to a private way of neces-

---

[7]The Legislature enacted RCW 8.25.075 "so that state and local governments could obtain financial aid in acquiring real property by meeting the requirements of the federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §§ 4601-4655 (1982)." *Nelson v. Samuel*, 43 Wn. App. 114, 118, 715 P.2d 161 (1986) (citing *Daviscourt v. Peistrup*, 40 Wn. App. 433, 442, 698 P.2d 1093 (1985)).

[8]The procedure for obtaining a private way of necessity is the same as for condemnation by railroad companies. RCW 8.24.030; RCW 8.20.070.

sity but before it heard the just compensation issue. The legislative scheme anticipated this situation by not limiting attorney fees to condemnees who prevail on the just compensation issue. Consequently, Beckman triggered his liability for fees when he initiated the action and could not escape this obligation by abandoning his claim.[9]

As in the Rule 11 situation, the critical question is not whether the party seeking payment was the prevailing party but rather whether that party met the specific legal requirements for recovery. In the Rule 11 context, "[A] voluntary dismissal does not expunge the Rule 11 violation." *Cooter & Gell*, 496 U.S. at 395. "The violation of Rule 11 is complete when the paper is filed." *Szabo Food Serv.*, 823 F.2d at 1077. Similarly, the private way of necessity court retains authority to award attorney fees. *See id*. at 1078 ("A district court that loses its power to decide the merits— perhaps because it has decided them once already—does not also lose power to award attorneys' fees that may be in order as a result of what happened before the final decision.").

Finally, we note that Wilcox preserved the fee issue by asking for fees in their answer to Beckman's petition for a private way of necessity, by moving for fees some six months before the nonsuit, and by advising the court, immediately after Beckman submitted his motion and order for voluntary dismissal, that they intended to submit a new motion for fees. Given this procedural history, it would be manifestly unjust to deny Wilcox their statutory right to fees. *See generally In Re Marriage of Firchau*, 88 Wn.2d 109, 113, 558 P.2d 194 (1977); *Kane v. Smith*, 56 Wn.2d

---

[9]Citing *State ex rel. Polson Logging Co. v. Superior Court*, 11 Wn.2d 545, 569, 119 P.2d 694 (1941), Beckman argues that this interpretation of RCW 8.24.030 is inconsistent with the traditional condemnation rule that no compensation is payable to a condemnee until the time of taking. *Polson* is inapposite; it does not address attorney and witness fees, but rather discusses just compensation for the land taken or damaged. 11 Wn.2d at 569-70. The issue here is not compensation for damages but reimbursement of fees. RCW 8.24.030 makes that distinction: its first paragraph states that there shall be no taking without just compensation for the land taken or damaged; the second paragraph sets forth the provision for reimbursement of attorney and witness fees for "any action."

799, 805-06, 355 P.2d 827, 84 A.L.R.2D 660 (1960); *Yoder v. Yoder*, 105 Wash. 491, 497, 498, 178 P. 474, 3 A.L.R. 1104 (1919) (courts will not follow the general rule that a trial court loses jurisdiction after a voluntary dismissal when to do so would be manifestly unjust).

## REASONABLENESS OF FEE AWARD

Beckman argues, alternatively, that Wilcox's fee affidavits were inadequate to support the award. We disagree.

■ This court reviews the reasonableness of an award of attorney fees under the abuse of discretion standard. *Progressive Animal Welfare Soc'y v. University of Wash.*, 114 Wn.2d 677, 688, 790 P.2d 604 (1990).[10] A trial court abuses its discretion when it exercises it in a manifestly unreasonable manner or bases it upon untenable grounds or reasons. *State v. Stenson*, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997), *cert. denied*, 523 U.S. 1008 (1998). The trial court must exercise its discretion in light of the particular circumstances of each case. *Schmidt v. Cornerstone Inv., Inc.*, 115 Wn.2d 148, 169, 795 P.2d 1143 (1990).

Klickitat and Skamania Counties Local Superior Court Rule 11(III) states in pertinent part:

> Appointed Counsel submitting motions for fixing or payment of attorney fees and counsel requesting the Court to fix fees in any other case, shall itemize their time, services rendered or other detailed basis for the fee requested and attach a copy thereof to the motion.

■ The fee applicant has the burden of proving the

---

[10]Beckman cites *Dailey v. Testone*, 72 Wn.2d 662, 664, 435 P.2d 24 (1967) to support his proposition that Wilcox must prove the reasonableness of the fees by a preponderance of the evidence. *Dailey* is inapposite in that it pertains to an attorney-client dispute over fees owing. *Id.* at 663. The cases pertaining to the reasonableness of statutory attorney fees do not cite to *Dailey*. Likewise, *Seltzer v. Chadwick*, 26 Wn.2d 297, 299-300, 173 P.2d 991 (1946), does not apply as it pertains to an attorney's claim of fees owing from an estate. The Supreme Court recognized that the attorney had provided legal services, but then held that the attorney could not claim fees when he produced no evidence as to the type of services performed and the value thereof. *Id.* at 303.

reasonableness of the fee request and "must provide reasonable documentation of the work performed." *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597, 675 P.2d 193 (1983); *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 151, 859 P.2d 1210 (1993). "This documentation need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work (*i.e.*, senior partner, associate, etc.)." *Bowers*, 100 Wn.2d at 597. "The determination of the fee award should not become an unduly burdensome proceeding for the court or the parties." *Absher Constr. Co. v. Kent Sch. Dist. No. 415*, 79 Wn. App. 841, 848, 917 P.2d 1086 (1995).

Here, Wilcox attached 49 pages of invoices to its motion for fees. In general, the invoices describe the nature of the services rendered, the people involved, and the fees charged. But 20 specific entries contained blacked-out portions although they, nonetheless, described the nature of the services rendered and the fees billed. Seventeen of those entries were on one invoice. Substituted or undisturbed writing identified the blacked-out portions as the names of appraisers, one realtor, a client, and a "brief." A blacked-out appraiser's name was on another invoice. A third invoice contained two more blacked-out items.

The local court rule does not mandate that fee invoices contain the names of witnesses, clients, or others taking part in the activity charged by a particular attorney. Klickitat and Skamania Counties Local Superior Court Rule 11(III)(A). And Beckman cites no legal authority requiring such detail. Further, the record shows that the trial court scrutinized the invoices with considerable care, excluding those few items it deemed inappropriate (one dealt with a nonrelated action, a few set forth expert fees for appraisers who were not scheduled to appear at trial, and one stated a surveyor's fee related to a rejected alternative easement).

The limited scope of the blacked-out items, viewed in conjunction with the otherwise detailed description of services and charges and the trial court's careful examination

of these invoices, did not make the documentation unreasonable or prevent the court from properly determining the fee award. Consequently, we cannot say that the trial court abused its discretion.

## ATTORNEY FEES ON APPEAL

Wilcox requests attorney fees on appeal under RAP 18.1. Because we affirm the trial court's award of fees under RCW 8.24.030, Wilcox is entitled to fees on appeal upon compliance with RAP 18.1(d). *Shields v. Garrison*, 91 Wn. App. 381, 389, 957 P.2d 805, 967 P.2d 1266 (1998).

Accordingly, we affirm.

MORGAN and HOUGHTON, JJ., concur.

Review denied at 139 Wn.2d 1017 (2000).