[No. 45286-0-I.   Division One.   September 11, 2000.]

THE BOEING COMPANY, *Respondent*, v. LOREN LEE, *Appellant*.

---

*Mary L. Daniel*, for appellant.

*Gilbert M. Stratton* and *Janet L. Smith* (of *Craig, Jessup & Stratton*), for respondent.

PER CURIAM — This case requires us to decide whether RCW 51.52.130, the Industrial Insurance Act provision authorizing attorney fees on appeal from a worker's compensation case when "a party other than the worker or beneficiary is the appealing party and the worker's or beneficiary's right to relief is sustained," authorizes fees when an employer voluntarily dismisses the appeal on the first day of trial. We hold that it does.

## FACTS

Loren Lee, a retired Boeing maintenance mechanic, filed a claim for benefits in January 1992 for bilateral hearing loss he sustained while employed at Boeing. Boeing denied the claim. After extended proceedings and an appeal by Boeing to the Board of Industrial Insurance Appeals, the Board issued an order remanding the claim to the Department of Labor and Industries with instructions directing Boeing to issue Lee a permanent partial disability payment equal to 27.60 percent of his hearing loss.

Boeing appealed this decision to the King County Superior Court, but on the first day of trial, moved to dismiss its appeal. The trial court granted Boeing's motion to dismiss, but denied Lee's request for attorneys fees under RCW 51.52.130. Lee appeals the denial of his fee request and his motion for reconsideration and seeks attorney fees in the trial court and on appeal.

## DISCUSSION

■ RCW 51.52.130, the Industrial Insurance Act attor-

ney fee provision, authorizes attorney fees:

If, on appeal to the superior or appellate court from the decision and order of the board, said decision and order is reversed or modified and additional relief is granted to a worker or beneficiary, or in cases where a party other than the worker or beneficiary is the appealing party and the worker's or beneficiary's right to relief is sustained, a reasonable fee for the services of the worker's or beneficiary's attorney shall be fixed by the court.

The sole question in this appeal is whether, when an employer appeals an order in favor of a worker but dismisses the appeal before trial, this provision entitles the worker to receive reasonable attorney fees.[1]

█ The Washington Supreme Court recently observed that "[g]iven that attorney fees statutes may serve different purposes, it is important to evaluate the purpose of the specific attorney fees provision and to apply the statute in accordance with that purpose."[2] Accordingly, courts considering whether to award attorney fees after a voluntary dismissal examine the statute authorizing fees to see whether the claimant satisfies its stated purposes and conditions.[3]

In *Andersen v. Gold Seal Vineyards, Inc.*,[4] the Supreme Court analyzed RCW 4.28.185, Washington's long-arm statute, which provides that if a defendant is served outside the state "and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees."[5] Relying on federal authority, the court rejected the theory that "there can be no prevailing party

---

[1] We review this issue of law de novo. *Tradewell Group, Inc. v. Mavis*, 71 Wn. App. 120, 126, 857 P.2d 1053 (1993).

[2] *Brand v. Department of Labor & Indus.*, 139 Wn.2d 659, 667, 989 P.2d 1111 (1999).

[3] *Beckman v. Wilcox*, 96 Wn. App. 355, 362, 979 P.2d 890 (1999), *review denied*, 139 Wn.2d 1017, 994 P.2d 847 (2000).

[4] 81 Wn.2d 863, 505 P.2d 790 (1973).

[5] RCW 4.28.185(5).

unless an affirmative judgment is entered"[6] and held that attorney fees were authorized despite the fact that the case did not proceed to trial:

> We think the general rule pertaining to voluntary nonsuits, that the defendant is regarded as having prevailed, should be applied to cases in which service upon the defendant was obtained under RCW 4.28.185(5). Since that statute was enacted to facilitate service upon out-of-state *defendants*, the legislature must naturally have had in mind that a defendant who "prevails" is ordinarily one against whom no affirmative judgment is entered. When an action against such a defendant is dismissed, even though that dismissal be upon the motion of the plaintiff, the judgment which is entered shows that the plaintiff failed to prove his claim. We think it was the legislative intent that, at such a point, a defendant who has been served outside this state and has been put to expense in answering the complaint and preparing for trial should be reimbursed by the plaintiff if the court finds that the justice of the case requires it.[7]

The *Gold Seal* court reasoned that a defendant "prevails" when no affirmative judgment has been entered against it, and that the purpose of the long-arm statute's fee provision is to compensate nonresident defendants who have expended funds preparing for trial and against whom an affirmative judgment is never rendered.[8]

■ More recently, in *Beckman v. Wilcox*,[9] Division Two

---

[6] *Gold Seal*, 81 Wn.2d at 865.

[7] *Id.* at 868.

[8] In *Western Stud Welding, Inc. v. Omark Industries, Inc.*, 43 Wn. App. 293, 716 P.2d 959 (1986), this court relied on *Gold Seal* to conclude that under RCW 4.84.330, a voluntary dismissal renders the opposing party the prevailing party for attorney fees purposes. But in *Cork Insulation Sales Co. v. Torgeson*, 54 Wn. App. 702, 775 P.2d 970, *review denied*, 113 Wn.2d 1022 (1989), on which Boeing relies, Division Three analyzed the attorney fee provision in RCW 4.84.250 and concluded that it does not authorize attorney fees after voluntary dismissal because a primary purpose of that statute is to "encourage settlement of claims for less than $10,000 to avoid the expense of trial." *Id.* at 706. The court reasoned that "[i]f there has been no trial, presumably no trial expenses have been incurred." *Id.* The *Cork* court noted, however, that courts considering other statutory fee provisions have held to the contrary. *Id.*

[9] 96 Wn. App. 355, 979 P.2d 890 (1999), *review denied*, 139 Wn.2d 1017, 994 P.2d 847 (2000).

considered RCW 8.24.030, which provides that "[i]n any action brought under the provisions of this chapter for the condemnation of land for a private way of necessity, reasonable attorneys' fees and expert witness costs may be allowed by the court to reimburse the condemnee." Relying on *Gold Seal*, the court concluded that because the statute allows fees for "any action,"[10] fees were authorized after voluntary dismissal.[11] Clearly, then, considerable Washington authority exists for a trial court's award of statutory attorney fees after a voluntary nonsuit. The question is whether the specific fee provision in the Industrial Insurance Act authorizes fees in this situation.

■■ In *Brand v. Department of Labor & Industries*,[12] the Supreme Court observed that the "purpose behind the award of attorney fees in workers' compensation cases is to ensure adequate representation for injured workers who were denied justice by the Department." *Brand* cited *Harbor Plywood Corp. v. Department of Labor & Industries*[13] to support this proposition:

> The very purpose of allowing an attorney's fee in industrial accident cases primarily was designed to guarantee the injured workman adequate legal representation in presenting his claim on appeal without the incurring of legal expense of the diminution of his award if ultimately granted for the purpose of paying his counsel.

*Brand* also noted that the Legislature amended RCW 51.52.130 in 1993 to strengthen its protection for injured

---

[10] *Id.* at 363.

[11] *Id.* at 362. Contrary to Boeing's assertion that federal courts "have denied attorneys fees after voluntary dismissal," the Ninth Circuit consistently holds otherwise. In *Corcoran v. Columbia Broadcasting System*, the court held that "[w]here, as here, a defendant has been put to the expense of making an appearance and of obtaining an order for the clarification of the complaint, and the plaintiff then voluntarily dismisses without amending his pleading, the party sued is the prevailing party within the spirit and intent of the statute even though he may, at the whim of the plaintiff, again be sued on the same cause of action." 121 F.2d 575, 576 (9th Cir. 1941).

[12] 139 Wn.2d 659, 667, 989 P.2d 1111 (1999).

[13] 48 Wn.2d 553, 559, 295 P.2d 310 (1956).

workers by allowing attorney fees awards at the appellate court as well as superior court level, and allowing fees when a worker successfully defends against a Board appeal.[14] Finally, *Brand* recognized that the Industrial Insurance Act, Title 51 RCW, is a "self-contained system" that provides specific procedures and remedies for injured workers in exchange for the workers' relinquishment of rights to other legal remedies.[15] Accordingly, our Supreme Court has "repeatedly emphasized that the Industrial Insurance Act should be given a liberal interpretation."[16]

■ In view of the Industrial Insurance Act's purpose of ensuring adequate representation for injured workers, a worker who has been forced by an employer to retain an attorney to defend a favorable board decision should be permitted to seek reasonable attorney fees. A contrary conclusion would mean that an injured worker may have difficulty retaining an attorney to expend the time and resources necessary to defend the worker's claim if there is a chance of dismissal before the case proceeds to judgment. Lee's attorney points out that because Lee had already received payment of his permanent partial disability award when he sought her representation, she took the case only because of the fee provision contained in RCW 51.52.130.

Boeing claims that if the filing of an appeal by an employer automatically triggers liability for attorney fees, employers may be more inclined to take a case to trial rather than dismiss it. This argument ignores the fact that if an employer dismisses an appeal relatively early in the litigation, the fee award, if any, will be negligible. But if the employer waits to dismiss the appeal until the worker has retained an attorney who has invested considerable time in the case, the employer will be justifiably liable for a greater

---

[14] Laws of 1993, ch. 122, § 1.

[15] 139 Wn.2d at 668.

[16] *Id.* (citing *Sacred Heart Med. Ctr. v. Department of Labor & Indus.*, 92 Wn.2d 631, 635, 600 P.2d 1015 (1979) (the Act is "remedial in nature and is to be liberally applied to achieve its purpose of providing compensation to all covered persons injured in their employment").

fee amount. Instead of being viewed as a disincentive to dismiss, our holding should be a disincentive to file appeals with doubtful chances of success.

Reversed and remanded for an award of attorney fees at trial and on appeal.[17]

Review denied at 142 Wn.2d 1026 (2001).

---

[17] RAP 18.1(a) provides that a party may recover reasonable attorney fees on review if "applicable law" grants the party the right to recover such fees. We award attorney fees on appeal under RCW 51.52.130.